Marsh v. Morse.

---

MARSH, Respondent, *vs.* MORSE, Appellant.

1. A court is not warranted in ordering a continuance to be set aside without strong reasons. When it is done at the instance of one party, an authentic copy of the order should be served on the other party.

18 477
58a 646

*Appeal from Jefferson Circuit Court.*

On the 23d of May, this cause having been called for trial in the court below, was continued at the instance of the plaintiff, on account of the absence of witnesses. On the next day, the plaintiff's witnesses having arrived, he moved to have the continuance set aside, stating that he had notified the defendant of his intention to make the motion. The continuance was set aside, and the cause set for trial on the 28th of May, to which the defendant's counsel excepted. On the 31st of May, the case was again called for trial, when the defendant's counsel applied for a continuance. In support of his application, he filed his own affidavit, stating that his client had left for home after the continuance was granted on the 23d, that he had not seen him since, and was not aware that he had been notified of the setting aside of the continuance, although the court had directed Mr. Green to inform him of it. The plain-

31—VOL. XVIII.

tiff filed counter affidavits, showing that Morse was notified of the setting aside of the continuance by a Mr. Thomas, on the 24th of May, and had previously been notified by the plaintiff's attorney of the intention to make application to have it set aside. The court overruled the motion for a continuance, and the trial proceeded. There was a judgment against the defendant, from which he appealed.

*C. C. Whittelsey* and *P. Pipkin*, for appellant.

*A. Green*, for respondent.

Scott, Judge, delivered the opinion of the court.

1. There is no doubt that during the term of a court, at which any proceeding is had, the court may, for sufficient cause, vacate or set aside that proceeding. It is obvious that the vacating of a continuance and ordering a trial of the cause may produce surprise, and operate seriously to the prejudice of a party whose cause has been continued. A court would hardly be warranted in taking such a course without strong reasons ; when, for such reasons, it is done, a party should be served with an authentic copy of the order. It would be dangerous to trust to rumor or any other source of information than a service of the copy of the order, to affect a party with notice that the continuance has been set aside. He then could appear and show cause why a trial should not be had at that time. We cannot say that the trial of this case, under the circumstances, was warranted by a sound discretion.

Judge Ryland concurring, the judgment will be reversed, and the cause remanded ; Judge Gamble not sitting.