FREDERICK TAFF, Defendant in Error, *v.* THEODORE WESTERMAN, Plaintiff in Error.

*Practice — Continuance — Answer.* — After a case has been continued by the court, upon an answer to the merits filed by leave, it is improper to set aside the order of continuance, strike out the answer, and enter a default and judgment.

*Error to Osage Circuit Court.*

*J. E. Belch,* for plaintiff in error.

*McCord,* and *Ewing & Smith,* for defendant in error.

FAGG, Judge, delivered the opinion of the court.

This suit was instituted in the Osage Circuit Court upon a promissory note. The defendant below—plaintiff in error

27—VOL. XXXIX.

here—appeared in obedience to the summons, and obtained leave of the court to file his answer to the petition sixty days before the next term. It was not filed within the time specified, but, as the record shows, was filed by leave of court on the second day of the said next term. On the day following, a motion was filed by the plaintiff asking that the answer be stricken out, for the reason that the leave as given at the former term had not been complied with. On the fifth day of the term, an order was entered by the clerk upon his book of minutes continuing the case until the next term of the court, for want of time to try it. On the evening of the next day, as stated in the bill of exceptions—that being the last day of the term—the order of continuance was set aside, and the motion to strike out the answer sustained by the court. The defendant Westerman being wholly undefended, a judgment was rendered against him for the amount claimed.

It is very clear, that as to matters of this sort the exercise of a sound discretion upon the part of the court is to be permitted; but to enable this court to determine whether the ruling of the court below was erroneous or not, the reasons upon which it is based should be made to appear. In the case of Marsh v. Morse, 18 Mo. 477, Judge Scott holds this language: " It is obvious that the vacating of a continuance and ordering a trial of the cause may produce surprise, and operate seriously to the prejudice of a party whose cause has been continued. A court would hardly be warranted in taking such a course without strong reasons."

Looking to the answer as set out in the record and finding a meritorious defence stated, it seems to be a case of some hardship to the defendant, and without a statement of the reasons for vacating the order of continuance it would be impossible to say that the discretion of the court had been properly exercised. There might have been the very strongest reasons for sustaining the motion to strike out the answer after leave had been given to file it on the second day of the term, but nothing appears in the record from which

they can even be inferred. No question was raised on the motion as to the sufficiency of the answer, and it is not the province of this court to pass upon it; but we think it was improper to set aside the order of continuance, and to strike out the answer, for the reasons stated in the motion. The cause should have been continued to the next term of the court, so as to have given the defendant a fair opportunity to make his defence.

For the reasons stated, the judgment of the court below will be reversed and the cause remanded, with leave to the defendant to plead to the petition. The other judges concur.