*Parker*
*v.*
*Judges of*
*Cir. Court of*
*Maryland.*

---

[PRACTICE.]

PARKER and Another *against* THE JUDGES OF THE CIRCUIT COURT OF MARYLAND.

An injunction out of the Circuit Court, to stay proceedings on a judgment at law in that Court, may issue, notwithstanding the pendency of a writ of error on the judgment in this Court.

An injunction issued by order of the District Judge, expires at the next term of the Court, unless continued by the Court; but the denial of several successive motions to dissolve the injunction, may, under circumstances, be considered as equivalent to an order for renewing it.

Mr. *Raymond,* for the plaintiffs, having, on a former day, obtained a rule to show cause why a mandamus should not issue to the Judges of the Circuit Court of Maryland, cause was this day shown, and the question argued by Mr. *Raymond,* for the rule, and by the *Attorney General,* against it.

Parker
v.
Judges of
Cir. Court of
Maryland.

*Feb. 9th.*

*Feb. 19th.*

Mr. Chief Justice MARSHALL delivered the opinion of the Court.

A rule was made upon the Judges of the Court of the United States for the Fourth Circuit and District of Maryland, to show cause why an execution should not issue on a judgment rendered in that Court in favour of Parkin, Parker, and Clough, against John E. Rigden. A writ of error had been sued out to this judgment, which had been affirmed in this Court, and the usual mandate had been awarded. On affidavit that the clerk of the Circuit Court had refused to issue an execution, and that the Judges of that Court had refused to direct one, this rule was made.

The cause shown is, that, after suing forth the writ of error to the original judgment, Rigden had determined to abandon it. That the counsel who had obtained the judgment took the record from the clerk's office, filed it in this Court, and obtained an affirmance of the judgment. Before this affirmance, John E. Rigden obtained an injunction to stay all proceedings at law on the said judgment, which the counsel for Parkin, Parker, and Clough, have made two ineffectual attempts to dissolve; and that the said Judges were, and are, of opinion, that to issue execution during the continuance of the injunction, would be a violation thereof.

The record of the proceedings in Chancery is annexed to this return, which shows that an injunction was awarded by Elias Glenn, the District Judge, on the 19th of February, 1825, at which time the writ of error was depending in this Court.

The subpœna was returnable to the May term of the Circuit Court, but the record does not state, that any order was made in the cause at that term. In December, a rule was made on the defendants in equity to answer the bill. In

May, 1826, an answer was filed for Parkin, Parker, and Clough, by William Gwynn and Daniel Raymond, their agents and attorneys, who moved to dissolve the injunction, which motion was rejected. Afterwards, in December, 1826, on the suggestion that there is no bond for the performance of any decree which might be pronounced in the cause, it was ordered by the Court, that the injunction be dissolved, unless cause be shown to the contrary on or before the 23d day of December instant. On the 22d this rule was extended. The bond, given on obtaining the injunction, which had been mislaid, was found, and, on the 26th, the Court, on argument, again refused to dissolve the injunction,

The cause shown on the return, consists of two parts: 1st. The supposed incorrect conduct of the counsel for the plaintiff at law, in bringing up the record after the defendant had abandoned his intention to prosecute the writ of error. 2d. The pendency of the injunction.

The first cause shown is entirely insufficient. The plaintiff in error having given bond to prosecute his writ, was at liberty at any time to bring up the record; and, although the writ constituted no supersedeas, yet the party who had obtained the judgment would remain exposed to the hazard of its being reversed at a distant day. To obviate such an inconvenience, one of the rules of this Court authorizes the defendant in error, where the plaintiff has failed to file the record within the time prescribed, to docket the cause, and file a copy of the record with the clerk. The defendant in error has only conformed to this rule, and can be liable to no censure for doing so.

First cause shown insufficient.

The second cause assigned for refusing to issue the execution, has been contested on two grounds:

1. It is contended, that an injunction could not be awarded while the record was before this Court on a writ of error.

Injunction properly granted, notwithstanding the pendency of the writ of error in the action at law.

We do not think this a valid objection. The suit in Chancery does not draw into question the judgment and proceedings at law, or claim a right to revise them. It sets up an equity independent of the judgment, which admits the validity of that judgment, but suggests reasons why the

1827,

Parker
v.
Judges of
Cir. Court of
Maryland.

party who has obtained it ought not to avail himself of it: It proposes to try a question entirely new, which has not been, and could not be, litigated at law. It may be brought before the commencement of a suit at law, pending such suit, or after its decision by the highest law tribunal. The bill is an original bill, and may be filed although an injunction should not be awarded. The injunction arrests proceedings at law, and may be dissolved or continued without making any final decree in the case. The condition of the suit at law may be a reason for imposing terms on the party who applies for an injunction, but can be no reason for refusing it. The subpœna and injunction act on the person to whom they are directed, not on the record, and it can be of no consequence where the record is.

An injunction issued by the District Judge, expires at the next term of the Circuit Court, unless continued by the Court.

2. The second objection to the pendency of the injunction has more weight. It was awarded in December, 1825, by the District Judge, and no order appears to have been made for its continuance at the succeeding term. The act which authorizes the District Judges to grant writs of injunction, provides, " that the same shall not, unless so ordered by the Circuit Court, continue longer than to the Circuit Court next ensuing." An order for its continuance, therefore, ought to have been made ; and, after the close of the term without such order, an execution might have been sued out on the judgment without any contempt of the Court.

But, under the circumstances of the present case, the injunction was held to be continued by the denial of several successive motions to dissolve it.

But if, in point of law, the injunction ceased to exist, the Court could reinstate it at will. The Judges acted obviously on the opinion, that the injunction still continued, and ought to continue. Two successive motions to dissolve it were overruled. The same view of the case which induced the Court thus to continue the injunction, must have induced a reinstatement of it, had it been supposed to be discontinued by the omission to make an order in it at the term to which the subpœna was returnable. If, upon the ground of this omission, the mandamus should be awarded, it might be rendered useless by granting a new injunction. It ought to be granted, if the case, as it now appears, shows that the plaintiff in equity is entitled to relief. We must suppose that, in the opinion of the Court, he is so entitled.

or the injunction would have been dissolved on motion. The continuance of the injunction is, in substance, equivalent to a renewal of it.

Under these circumstances, some difference of opinion exists on the motion for a mandamus. Some of the Judges think, that it ought to be awarded; others are of opinion, that as the injunction is still continued by the Court, and as the Judges who have a right to give it force have returned that it is in force, it ought not to be awarded. The motion is overruled.

Rule discharged.