STERLING and others *v.* BARNWELL & GAYNOR, Assignees, and others.[*]

*(Circuit Court, M. D. Alabama. May, 1882.)*

LIMITATION IN BANKRUPTCY.

 The pendency of a previous suit, either at law or in equity, will not interrupt the running of the limitation fixed by section 5057 of the Revised Statutes, when the same is pleaded in a subsequent suit between the same parties for the same cause of action, although said subsequent suit be instituted within two years of the rendition of the final judgment in the previous suit.

 *McCan* v. *Conery, ante,* 315, followed.

*Clopton & Brooks,* for complainants.

*Troy & Tomkins,* for defendant Gaynor.

PARDEE, C. J. Complainants' bill shows that February 5, 1873, and prior thereto, one Robert W. Smith was seized and possessed of certain real estate, situate in the city of Selma, state of Alabama, and on that day, with his wife, granted and released and quitclaimed said real estate to one Cary W. Butt in trust, however, for the use and benefit of said Robert W. Smith and one Charles Walsh; that by said deed no duty was imposed upon, and no right or power over said estate conferred upon, said Butt, and that said Butt never exercised any control or possession over said property; that said Smith and Walsh were members of the copartnership of Walsh, Smith & Co., of the city of Mobile, Alabama, and that on the thirty-first of August, 1873, the said firm being indebted to one Edwin W. Glover in a large sum, exceeding $20,000, a contract was entered into between Walsh and Smith of the one part, and Glover of the other part, selling to Glover, in extinguishment of $20,000 of said indebtedness, the said

 [*]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

real estate, and agreeing to execute a good and sufficient deed in fee-simple, and that on said day the said Butt, at the request of said Walsh and Smith, made and executed, acknowledged and delivered, a deed in writing conveying to said Glover all his right and title in and to said real estate, which was accepted by said Glover under the impression that it was a good and sufficient legal title to the said estate; that afterwards the said Glover died, leaving a will devising the estate aforesaid to the present complainants, who, after due probate of the said will in July, 1874, soon after entered into the possession and control of said estate by agents and tenants, and ever since have been and still are in the possession thereof; that on June 12, 1874, upon the petition of a creditor, the said firm of Walsh, Smith & Co., and the individual members thereof, were adjudged bankrupts, and on October 6, 1874, said Henry Barnwell and John C. Gaynor were appointed assignees, and by conveyance by the register became vested as assignees of all the estate, real and personal, of said firm, including all property of whatever kind of which they were possessed, or in which they, as partners and individuals, were interested or entitled to have on the third day of June, 1874; that on October 4, 1876, the said Barnwell and Gaynor, as said assignees, instituted in the United States district court of this district a suit against certain persons, tenants of complainants, to recover possession and rents of said estate; that complainant Amanda A. Sterling was admitted a party to such suit, and defended the same, and that at the November term, 1877, the said assignees recovered a verdict and judgment for the possession of said land, and the sum of $528.97 as damages for the detention thereof and costs of suit; that December 19, 1877, judgment was rendered in accordance with said verdict by said district court, whereupon a writ of error was sued out of the circuit court of this district from said judgment, which was afterwards heard, and on May 13, 1880, the judgment of the district court was affirmed, on the ground, as complainants are informed and believe, that the legal title, which alone was considered in a court of law, was never in the said Butt, but vested, by the statute of uses of the state of Alabama, in the said Walsh and Smith immediately upon the execution of said deed by Robert W. Smith and wife to said Butt, as trustee, and that the legal title vested in said assignees upon the assignment of bankruptcy; that the complainants have a complete and perfect equitable title in said estate, and are entitled to the use

and enjoyment, rents and profits, of the same; and that the said assignees hold the legal title in trust for complainants. The bill further shows that the said assignees are about to execute the said judgment of the district court for the possession of said property, and damages; and the complainants pray a decree divesting the legal title out of said assignees and vesting the same in complainants, and they pray for an injunction *pendente lite* against the judgment of the district court aforesaid, to be perpetuated at the final hearing.

This bill was filed August 1, 1881, and the same day an order for injunction was granted upon giving bond for $3,000. August 9, 1881, an amended bill was filed showing that Glover was put in possession of said real estate immediately after the execution of the deed to him, and so remained in possession until his death; and further, that the defendants, taking advantage of the delay necessary for the complainants to give the bond required for the injunction, and in order to defeat the same, had executed by writ of possession the aforesaid judgment, and evicted complainants from the possession of said real estate. This amended bill is not sworn to and contains no prayer.

An injunction bond was filed October 24, 1881, but no injunction appears to have been issued. Subpœnas were issued October 24, 1881, and appear to have been served October 26th, following. Defendant Gaynor has appeared and filed a demurrer on the ground that the suit is barred by the limitation of the bankrupt law, (section 5057, Rev. St.,) which provides:

"No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee."

This demurrer has been submitted, together with a motion to issue an injunction restoring the property to the condition existing when the original bill was filed.

The first question presented is on the demurrer, and is as to the applicability of the statute of limitations.

"If the declaration shows that the cause of action is barred by the statute of limitations, the defendant may demur." *Morris* v. *Collins*, 13 Ala. 388.

The bill in this case is brought to perfect the title to real estate, to divest the legal title from the defendant's assignees, and invest it in

the complainants. The injunction prayed for is incidental to this action, and, of course, falls without the main action is sustained.

The action is a suit in equity brought against an assignee in bankruptcy, by persons claiming an adverse interest touching property and rights of property vested in such assignees, and from the statements of the bill more than two years have elapsed since the cause of action accrued against said assignee. The case, then, comes clearly within the terms of the statute, and the action is barred unless the case can be brought under some exception to the statute, or the statute can otherwise be avoided. The terms of the statute are absolute. The supreme court has only allowed cases of concealed fraud to interrupt the statute. *Bailey* v. *Glover,* 21 Wall. 342, and such cases, are allowed more on the theory that the action does not accrue in cases of fraud until the fraud is discovered, than that there is any actual interruption to the running of the limitation. In the case of *McCan* v. *Conery,* 11 FED. REP. 747, it has been held that the pendency of a suit in chancery between the same parties for the same cause of action, which is dismissed without prejudice for want of equity, will not interrupt the statute, and that an action at law was barred by the expiration of two years. See *ante,* 315, and authorities cited in that case.

Counsel in argument have claimed that, as complainants have been in possession—adverse possession—of the property, no cause of action accrued to them which they were obliged to bring until their possession was disturbed, and as the action is brought within two years from the affirmance of the judgment of the district court, they are within the two years required by the statute. To this it would seem sufficient to reply, the suit you have brought is one that you could have brought over seven years ago; that you had notice that such an action would be necessary nearly five years ago, when the district court rendered the judgment against you which you now ask to enjoin; and as we have seen that your action is one against an assignee touching the property of the bankrupt, and claiming an interest adverse to said assignee, the statute of limitations of such actions has been running against you, certainly from the date of the judgment of the district court declaring you not the owner nor entitled to the possession or rents of the said real estate, and such judgment was rendered against you and became final and executory more than two years before the present action was instituted.

Counsel have cited the case of *Banks* v. *Ogden,* 2 Wall. 58, but on examination of that case I fail to see that it has any application

here. That was a case where, after the bankruptcy, the defendant took possession of property belonging to the bankrupt estate. The supreme court held, on the plea of the statute of limitations of two years, that "the limitation cannot affect any suit, the cause of which accrued from an adverse possession taken after the bankruptcy, until the expiration of two years from the taking of such possession."

It seems to me that the only theory of this case upon which the complainants' counsel can base an argument, even, avoiding the application of the statute, is that this is a suit brought to enjoin the execution of a judgment at law, and therefore is not an original suit, but a continuation of the suit already instituted, (see *Jones* v. *Andrews*, 10 Wall. 333,) and as this suit is brought within two years from the rendition of the judgment of the circuit court in the original case, the statute is not applicable. This argument, and the strong equities disclosed by the bill, have had great weight' with me in reaching a conclusion in this case, but the difficulties in the way can, hardly be overcome.

In the first place, this is not a suit solely to enjoin the execution of a judgment at law, but is a suit with many new parties on both sides to perfect an equitable title to real estate, with an injunction as incidental thereto.

In the next place, the judgment at law here sought incidentally to be enjoined was rendered, as the bill shows, more than two years before the filing of this bill; for the judgment in the case at law is the judgment of the district court rendered and becoming final in 1877, more than three years before the institution of this suit.

The writ of error sued out from that judgment operated no *supersedeas*, and the complainants' cause of action certainly had accrued when that judgment became final. The injunction sought could have been obtained notwithstanding the pendency of the writ of error. See *Parker* v. *Judges*, 12 Wheat. 561.

The circumstances disclosed by the bill show a strong case for the exercise of the equitable jurisdiction of the court, but they also show the wisdom of the law-making branch of the government in providing the limitation for suits by or against assignees in bankruptcy touching the property surrendered by the bankrupt.

The bill shows a case where the adjudication in bankruptcy was in 1874, and now, in 1882, eight years after, $20,000 worth of the property surrendered is to be launched on the sea of chancery to reach port at some remote time in the future unless the statute of

limitations prevents. I am forced to the conclusion that the statute should and does prevent.

Let judgment be entered sustaining the demurrer to the bill, and dismissing the bill, with costs, as to said Gaynor, assignee.