ELIZABETH WYMAN, Respondent, v. SAMUEL HARDWICK, Appellant.

Kansas City Court of Appeals, January 30, 1893.

1. **Injunction**: JUDGMENT: APPEAL OR WRIT OF ERROR. To obtain relief from a judgment by injunction, it should appear that relief could not be had by ordinary legal procedure, as appeal or writ of error; and, where a writ of error is of sufficient efficacy to cure the complaint made in a given case, it should not be displaced by an injunction.

2. ———: ———: ———. Where a petition against a married moman declared on a debt contracted by her during coverture, and asked a judgment and lien on her sole and separate real estate described in the petition, and the judgment was simply a personal judgment, a writ of error would bring up sufficient record to reverse the judgment, and an injunction will not be granted against the enforcement of the judgment by execution, though there were irregularities on the part of the court in ordering the judgment entered, as that no opportunity was given to take exceptions or perfect an appeal.

*Appeal from the Clay Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

REVERSED AND DISMISSED.

*Hardwicke & Hardwicke*, for appellant.

The judgment was a general judgment, and not a special judgment, making the debt a charge on the land. Faucett's petition showed her coverture. If the judgment was wrong, there was only a writ of error required. Having an adequate remedy by writ of error at law, he could not resort to a court of equity. Black on Judgments, secs. 361, 363; *Wilkinson v. Rewey*, 59 Wis. 554; 18 N. W. Rep. 513; *Crandal v. Bacon*, 20 Wis. 639; *Bibend v. Kruetz*, 20 Cal. 109;

*Hart v. Lajaron*, 46 Ga. 396. To the same effect is Freeman on Judgments, secs. 485, 486, 487. Having an adequate remedy at law, the injunction should not have been granted. *Damschroeder v. Thias*, 51 Mo. 100.

*Karnes, Holmes & Krauthoff*, for respondent.

(1) In the absence of a motion for a new trial, and in arrest of judgment, the appellate court will only consider errors apparent on the face of the record. *Bevin v. Powell*, 83 Mo. 365; s. c., 11 Mo. App. 216, 220, and cases cited; *Warner v. Morin*, 13 Mo. 455; *Dobyns v. Rice*, 22 Mo. App. 448; *Erdbruegger v. Meier*, 14 Mo. App. 258; *Biglow v. Railroad*, 48 Mo. 510, 512; *Henry v. Lowe*, 73 Mo. 96, 98; *Fickle v. Railroad*, 54 Mo. 219, 226. In Faucett *v.* Wyman the objection that the judgment was not warranted by the pleadings could not have been urged in an appellate court for the reason that the attention of the circuit court should have been called to it by a motion for a new trial and in arrest. As before stated, Mrs. Wyman was deprived of that opportunity by the action of Judge DUNN. *Bibend v. Kruetz*, 20 Cal. 108, 114; Black on Judgments, sec. 381; *Doan v. Holly*, 27 Mo. 256 (SCOTT, J.). (2) The obligation of a married woman "is not a lien, or strictly speaking a charge, upon the property, nor does it bind her personally. All that can be said of it is that it is an anomalous obligation, neither binding her nor her estate, general or separate, but only constituting a foundation for a proceeding in equity, by which her separate property may be subjected to its payment, and, until a decree to that effect be rendered, it is neither a lien nor a charge upon the estate." *Davis v. Smith*, 75 Mo. 219, 225; Story on Equity, sec. 1397; *Higgins v. Peltzer*, 49 Mo. 152, 156; *Weil v. Simmons*, 66 Mo. 617. In *Gardner v. Terry*,

99 Mo. 526, it is said: "Where the facts are such that
a court would remove the cloud when cast, it seems
clear the court should interfere by injunction to prevent
its being cast." *Bank v. Davidson*, 40 Mo. App. 421;
Revised Statutes, 1889, sec. 2722. (3) But suppose
Mrs. Wyman had never appeared at all to the case of
Faucett *v.* Wyman, and allowed judgment to be rendered
by default, and the court had rendered the judgment
it did. "A personal judgment rendered against a
married woman by default, in an action, to which her
coverture, if pleaded, would have been a complete
defense, is absolutely void." Black on Judgments,
sec. 190, and cases cited.

ELLISON, J.—This proceeding was begun by a bill
for injunction to restrain defendants from enforcing an
execution against plaintiff's land lying in Clay county.
There was a temporary order granted. It was after-
wards made perpetual, and defendants appeal.

The facts are substantially these: Brankin Faucett
in his lifetime brought suit in the circuit court of Clay
county on a promissory note executed by plaintiff
and her husband for the sum of $300. The petition in
that case charged that this plaintiff was a married
woman, that she was the owner, to her separate use
and as her separate property, of certain real estate
therein described, and that by signing said note she
charged such real estate therewith. The petition
contained the usual prayer in such cases, asking that
said real estate be charged with a lien for the amount
of the note and interest, etc. Before the case was
tried, plaintiff's husband, A. W. Wyman, died, leaving
plaintiff a *feme sole*. It seems that as a matter of fact
the real estate was not Mrs. Wyman's separate prop-
erty, but was only her general property, held by
an ordinary deed. But, notwithstanding this, it seems

to have been the contention of Faucett, the plaintiff in that case, that notwithstanding the real estate was not her separate property and, therefore, not liable to have a lien established directly against it, yet, since the husband had died, Mrs. Wyman was liable on the note as a *feme sole,* and that the court should render a general personal judgment against her. After considerable delay the court (Judge DUNN) adopted this view; or, at least, rendered a general personal judgment in that case against this plaintiff, the defendant therein. On this judgment a general execution was issued and levied upon plaintiff's lands. It is this execution that plaintiff seeks to enjoin. Her reasons for the injunction are these. She says in substance that in the first place the note being executed by her while a *feme covert,* and not being possessed of any separate property, was a nullity; that the death of her husband afterwards did not impart any vitality to the note, and that no judgment could be lawfully rendered against her. And as a reason for not appealing that case, or taking out a writ of error thereon, she says, substantially, that the cause had been argued before the trial court and taken under advisement; that such court frequently took causes under advisement for more than one term, but that in all such cases it was the *invariable* rule and practice of said court when about to dispose of such a cause to notify the attorneys for both parties that judgment would then be rendered and entered of record; that her attorney, an old practitioner in said court and acquainted with such rule and practice, relied upon its being followed in that case, but that the court, in this instance, departed from such rule and rendered the personal judgment aforesaid against this plaintiff without notifying her or her counsel; that, at the moment of announcing and entering the judgment, her counsel, though in constant and regular attendance at

court, had stepped out of the courtroom for five or ten minutes on some matter of necessity, and never knew anything of the judgment until after the adjournment of court for the term; that in consequence he could not file a motion for a new trial or in arrest of judgment, or take a bill of exceptions.

In passing on the legal merits of plaintiff's case we will assume in her behalf that the personal judgment should not have been rendered against her on a petition which declared on a note executed by her when *feme covert*, and wherein it was sought to charge her real estate as being her separate property; notwithstanding that at the date of the judgment she had become a *feme sole* by the death of her husband. We shall also assume, in her behalf, that the court had the rule and practice contended for by her, and that, in this instance, the court departed from such rule without notice to plaintiff or her counsel, while she and her counsel were absent from the courtroom; and that neither of them knew the judgment was rendered until the term was adjourned, and thereby were prevented from taking steps necessary to appeal the case or to preserve a bill of exceptions.

When a party seeks relief by injunction from a judgment which has been rendered against him in a court of general and competent jurisdiction, it should appear that he could not have remedied the ills of which he complains by the ordinary legal procedure, as by appeal or writ of error. 1 Black on Judgments, secs. 361, 363; Hilliard on Injunctions, 256, 257; 1 High on Injunctions, secs. 165, 173, 174. The right to a writ of error is not *per se* a bar to an injunction against a judgment or execution (*Parker v. Judges*, 12 Wheat. 561), for such writ may not, in some cases cannot, embrace the causes on which the equities

have arisen.   But, if the writ is of *sufficient efficacy* to cure the complaint made in a given case, it should not be displaced by an injunction.

But plaintiff contends that she could not appeal since she had no opportunity of taking a bill of exceptions or filing a motion for a new trial.   And that, while she could have sued out a writ of error, yet such writ would not have sufficed for her relief, since only the record proper could have been reviewed on such writ, in an appellate tribunal.   Conceding these propositions (except the efficacy of the writ) we are 'left to ascertain what relief she could have had from the showing made by the record proper.   The petition and the judgment in that case were a part of the record proper and would, therefore, have been brought up by a writ of error.   From these, all the facts necessary to entitle Mrs. Wyman to relief in an appellate court appear in plain terms.   The petition itself, containing the complaint against her, shows that at the time she executed the note she was a married woman and it seeks only a special judgment against property described and therein alleged to be her separate estate. In short, the petition states a case in which there could not, properly, be a general judgment rendered against her.   Therefore, when the judgment in the record discloses itself to be a general personal judgment, it is made plain that it is not supported by the petition and would, in consequence, be set aside by a revisory tribunal.   Plaintiff, therefore, had a full and adequate remedy in the ordinary course of legal procedure, and must fail in her injunction proceeding.   The judgment will be reversed and the bill dismissed.   All concur.