MISSOURI, KANSAS & TEXAS RAILWAY COMPANY,
Appellant, v. WELLINGTON WARDEN,
Respondent.

| 73 | 117 |
| 99 | ³194 |
| 73 | 117 |
| 102 | ³ 25 |

**Kansas City Court of Appeals, January 10, 1898.**

1. **Justices' Courts:** IRREGULARITY OF SUMMONS: JURISDICTION: WAIVER. The summons of a justice which states the sum demanded and the time and place of trial but fails to state the nature of the suit is merely irregular and does not defeat and a failure to appear and object, waives such irregularity.

2. **Judgment:** COLLATERAL ATTACK. A complaint which admits some notice but assails the judgment because of the insufficiency of such notice would appear to be a collateral attack.

3. ——: SETTING ASIDE: FRAUD: COURT OF EQUITY. To authorize a court of equity to set aside a judgment of another court it must appear that there was fraud in procuring the judgment; an illegal allowance or error is insufficient.

*Appeal from the Johnson Circuit Court.*—HON W. W. Wood, Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1) The summons issued by the justice of the peace was void, and the service of it did not confer jurisdiction upon that court, and the judgment should not be enforced, but should have been vacated. R. S., secs. 6145, 6146, 6147; *Brandenburger v. Easley*, 78 Mo. 659; *Hill v. Ore and Steel Co.*, 90 Mo. 103–105; *Leas v. Express Co.*, 45 Mo. App. 598; *Webster v. R'y*, 57 Mo. App. 451; *Schell v. Leland*, 45 Mo. 289; *France v. Evans*, 90 Mo. 74–77; *Williams v. Monroe*, 125 Mo. 574–584; *Dwight v. Merritt*, 18 Blatchf. 305; *Pearlee v. Haberstro*, 15 Blatchf. 472; 1 Chitty's Pl.

[16 Am. Ed.] 106; *Miles v. Kinney*, 8 S. W. Rep. 542; *R. R. v. Nicholls*, 6 Pac. Rep. 512. (2) The appellant is without adequate remedy at law, and unless the judgment is vacated it is subject to be harassed and to sustain loss without any redress. *Miller v. Brown*, 3 Mo. 128; *Higdon v. Conway*, 12 Mo. 295; *Howard v. Clark*, 43 Mo. 344; *Melcher v. Scruggs*, 72 Mo. 406; *Dynes v. Hoover*, 20 How. 65; Freeman on Judgments, sec. 529.

*Botsford, Deatherage & Young* and *S. T. White* and *J. P. Orr* for respondent.

(1) The summons in this case is not defective. *Damhorst v. R'y*, 32 Mo. App. 350, is directly in point. (2) However, if it could be conceded that the summons of Justice Hewes was defective in the particular suggested, still the proceedings in that case are not open to collateral attack in the way that the attack is made in this case. R. S. 1889, sec. 3318; *R'y v. St. Louis*, 92 Mo. 160–166; *Tetherow v. Grundy Co. Court*, 9 Mo. 118; *Vitt v. Owens*, 42 Mo. 512; Vanfleet's Collateral Attack, chap. 9, pp. 304–310; *Crowley v. Wallace*, 12 Mo. 143; *Norton v. Quinby*, 45 Mo. 388; *Thompson v. R'y*, 110 Mo. 147–156; *Isaacs v. Price*, 2 Dill. C. C. 351; *Leonard v. Sparks*, 117 Mo. 103; R. S. 1889, sec. 6339; *Bouelware v. R'y*, 79 Mo. 494.

GILL, J.—This is a suit in equity brought to enjoin defendant Warden from suing out an execution and collecting a certain judgment for $200 which said Warden obtained against the plaintiff before a justice of the peace on August 24, 1896.

STATEMENT.

The judgment before the justice was on default and was based on a complaint for double damages for killing Warden's mare. The railroad company

failed to appear at the trial or to appeal the case, but subsequently instituted this action to enjoin the justice's judgment on the ground that the same was void. The sole objection relates to the sufficiency of the summons issued by the justice and served by the constable on the railroad company. The summons was in the usual form, commanding the company, as a defendant in the suit, to appear before the justice on the twenty-fourth day of August, 1896, at 10 o'clock in the forenoon, "to answer the complaint of Wellington Warden founded upon a statement and complaint, and wherein he demands two hundred dollars. Given under my hand this 11th day of August, 1896.

"(Signed) J. H. HEWES,
"Justice of the Peace."

On a trial of the issues the circuit court denied the relief prayed, dissolved the temporary injunction, and dismissed the bill. The railroad company appealed.

The decisive question here is, whether or not the summons issued by the justice in the suit of Warden against the railroad was sufficient to bring in the defendant and subject it to the justice's jurisdiction. JUSTICES' courts: irregularity of summons: jurisdiction: waiver. It is clear that said summons was not fully up to the technical demands of the statute (R. S. 1889, sec. 6145), which requires that the defendant be cited to appear before the justice "to answer the complaint of the plaintiff, *stating also the nature of the suit and the sum demanded.*" The summons in question stated that a complaint had been filed and also stated "the sum demanded," but failed to state anything as to "*the nature of the suit.*" But it seems that this omission ought not to render the entire proceeding void. At most it can only be denominated an irregularity or defect which might have been complained of at the time and in the court where the action was pending; and if the railroad company failed

to object when and where it might, then such irregularity must be treated as waived.    The defendant in the suit before the justice will not be allowed to pass over such a technical omission in the proceedings and then object thereto in a mere collateral suit.    If called to the attention of the justice it would have been in his power to amend the summons "in furtherance of justice and on such terms as may be proper." R. S. 1889, sec. 6225.

There has been much confusion in the decisions of this state in relation to these defective proceedings, but the decided tendency of the later cases is to force the party complaining of a defective summons or service thereof to appear and object in the court from which the same emanated, or that such irregularities will be deemed as waived.    For example, in *Thompson v. R'y*, 110 Mo. 147, where there was a failure to serve a copy of the petition on a landowner in a condemnation proceeding, it was held that such failure did not render the judgment void in a collateral attack; and during the course of the opinion it was said, "that it is more in accord with modern jurisprudence to require a party to appear and object to the notice or its service where he has *actual* notice that some proceeding is to be had *at a designated time and place*, which may affect his interest; and if he fails to do this, not to permit him to assail in a collateral proceeding rights acquired in good faith, on the supposition that the service of notice was regular.    A distinction is to be made between a case where there is *no* service whatever, and one which is simply *defective or irregular*.    In the first case the court acquires no jurisdiction, and its judgment is void; in the other case, if the court to which the process is returnable renders judgment therein, such judgment is not void, but only subject to be set aside by the court which gave it, upon reasonable and

proper application, or reversed on appeal. *Isaacs v. Price*, 2 Dill. 351."

So, in *Leonard v. Sparks*, 117 Mo. 103, where a defendant was served with process a shorter time before the return day than as fixed by law, and a judgment by default was rendered against said defendant, it was held that the judgment was not void when attacked collaterally. In that case it was said: "He (the defendant) had his day to object to the process, if he did not deem it sufficient because not timely, or for any other reason; but he did not avail himself of that opportunity. He certainly could not, by ignoring the command of the writ, deprive the court of authority to determine the sufficiency of its service. It was for the court, not the party, to decide whether or not it was sufficient. It held it to be good and rendered judgment accordingly. In contemplation of law, Mr. Bonton was before the court, for he had been personally summoned to appear there, and might have done so. If the call for his appearance was too sudden, the court's ruling that it was adequate may be error, which could have been rectified by seasonable and direct moves for that purpose, but such error could not defeat the court's jurisdiction to render judgment conclusive upon him, or subject that judgment to successful attack collaterally."

In the case just quoted from the supreme court went over the whole ground, reviewing in detail many inconsistent Missouri decisions, and the law there declared may be considered as settled. And when the facts of the present controversy are measured by the rules there announced, the correctness of the judgment now under review is manifest. The defendant, in the case of *Warden v. R'y*, was brought into the justice's court. Even if the summons was in some degree defective it was yet sufficient to bring the defendant

within the scope of the court's judicial power. That court then, even though of inferior jurisdiction, was authorized to pass judgment on the sufficiency of the summons, and its judgment will be held conclusive; for it is well settled that the judgments of justices of the peace are entitled, in such cases, to the same force and effect as adjudications from courts of more extensive powers. "A judgment thus obtained is no more subject to impeachment in a collateral proceeding than the judgment of any court of exclusive jurisdiction." *Union Depot Co. v. Frederick*, 117 Mo. 138, and authorities cited at pages 148 and 149.

In his brief plaintiff's counsel seeks to avoid the effect of the foregoing decisions by the suggestion that this suit is a *direct* and not a collateral attack on the judgment in question. In Van Fleet's Collateral Attack on Judicial Proceedings, section 11, after discussing, through several pages, the definition of a *direct* and *collateral* attack, the author says: "A complaint which admits that there was some notice, but seeks to set aside the judgment because it was insufficient, is a collateral attack. It must never be overlooked that a court of equity has no rightful authority to overhaul the record of any other court for any error of law or fact committed by that court, and any attempt to do so is necessarily collateral." See, also, sections 9, 5, 3, 2, same book.

JUDGMENT: collateral attack.

But whether this be classed as a direct or collateral attack, the plaintiff must fail. "To authorize a court of equity to set aside the judgment of another court, it must appear that there was fraud in *procuring* the judgment; an illegal allowance or error is insufficient." *Murphy v. DeFrance*, 105 Mo. 53, and cases cited at page 64; *Davis v. Wade*, 58 Mo. App. 641; *Wyman v. Hardwicke*,

—: setting aside: fraud: court of equity.

City of Carthage v. Badgley.

52 Mo. App. 621; 2 Freeman on Judgments [4 Ed.], sec. 497. There is no pretense of fraud in procuring the judgment sought to be enjoined or set aside by this suit.

The judgment of the trial court was clearly right and will be affirmed. All concur.