JAMES H. MULLIGAN, Appellant, v. WILLIAM S. MARTIN et al., Respondents.

Kansas City Court of Appeals, May 6, 1907.

1. **TOWNSHIP ORGANIZATION: Roads and Highways: Opening: Landowner.** Under the statute for opening roads in counties under township organization a petition should give the name of "the owners if known" of the land over which the road runs; where the petition and assessment of damages are in favor of Dennis Mulligan and the land in fact belongs to J. H. Mulligan the proceeding is void.

2. ———: ———: ———: ———: **Collateral Attack.** The rule relating to collateral attack on judgments does not apply to pro-

ceedings for opening a road before township boards, and the matter of jurisdiction can always be inquired into by matters *in pais.*

### On Motion for Rehearing.

3. ———: ———: **Ministerial Officers: Fair Process.** The rule that if the process is fair on its face a ministerial officer is protected does not apply in defense of parties opening a road where the township board did not order it open.

## Appeal from Caldwell Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

REVERSED AND REMANDED.

*Johnson & Johnson* for appellant.

(1) Failure to name James H. Mulligan, the Hannibal & St. Joseph Railroad Co. and the school district as owners of land to be affected by the establishment of the road petitioned for rendered the road petition void. Spurlock v. Dornen, 182 Mo. 242; St. Louis v. Koch, 169 Mo. 687. (2) As the record of the board on its face showed the board never had jurisdiction to condemn the land, it afforded the defendants no protection. The record nowhere ordered the land owners to vacate the land, nor did it command overseer to open it up. Peed v. Barker, 61 Mo. App. 556; Rousey v. Wood, 47 Mo. App. 591; Wooldridge v. Rentchler, 62 Mo. App. 591. (3) Proceedings to condemn roads are an entirety, and must stand or fall as a whole. This being void as to Mulligan and the railroad was a nullity to every one. Anderson v. Pemberton, 89 Mo. 61; Essex Ave., 121 Mo. 105.

*E. J. Smith* for respondent.

(1) The petition is in strict conformity to the requirements of the statute. There is nothing indefinite or wanting in the description of the road sought to be established, as to width, courses or distances, and no "cul-de-sac," the proposed road terminating in another public road which is described. This is true also of

the surveyor's report even without the plat which accompanies the report, to one honestly seeking to locate the road. With the assistance of the plat no one can be in doubt as to the beginning, the location, the distances, the intermediate points and termination of the road proposed. Zeibold v. Foster, 118 Mo. 349; Spurgeon v. Bartlett, 56 Mo. App. 349. We are dealing now, however, with the petition and that is absolutely unobjectionable. (2) The petition and notice gave the court jurisdiction. Crenshaw v. Snyder, 117 Mo. 167; Baubie v. Ossman, 142 Mo. 499. (3) This proceeding is an attack upon the validity of the order of the township board and is therefore a collateral one. Lovitt v. Russell, 138 Mo. 474; Chrisman v. Divinia, 141 Mo. 122; Railroad v. Warden, 73 Mo. App. 117; and the order can be assailed only for want of jurisdiction or for fraud. Myers v. McRay, 114 Mo. 377; Holt County v. Cannon, 114 Mo. 514; Meyer v. Brandhorst, 156 Mo. 457; Burnett v. McCluey, 92 Mo. 230. The only admissible evidence to show want of jurisdiction is the record itself, or some part of it. Reed v. Nicholson, 158 Mo. 624; Covington v. Chamblin, 156 Mo. 575; Nevatt v. Springfield N. S., 79 Mo. App. 198; Freeman v. Thompson, 53 Mo. 192; Ruhe v. Buck, 124 Mo. 203.

BROADDUS, P. J.—The petition in this case contains three counts. The first alleges an invasion of plaintiff's farm by defendant, the tramping down of his fences, cutting of timber and ploughing of his land, for which he asks damages. The second alleges that plaintiff has been deprived of the use of his land, for which he claims damages. The third seeks an injunction to prevent a repetition of such conduct on the part of defendants. Defendants seek to justify their act of invading plaintiff's premises on the ground that they were officers of Kidder township, or road hands working under such officers, and were opening the land in ques-

tion pursuant to certain condemnation proceedings had before the board of trustees of said township under the provisions of the Township Organization Law.

Various objections are made as to the legality of the proceedings. First, it is claimed that they are void because the petition did not give the names of the owners of the land over which the proposed road was to pass, viz.: that it names Dennis Mulligan as the owner of the land in question; and the report of the road and bridge commissioner reported also that Dennis Mulligan was the owner. The evidence showed that Dennis Mulligan died in February, 1901, more than three years before the proceedings were instituted, and that plaintiff through his agents and tenants from the death of said Dennis had been in possession of the land, and that he was the owner. It was further shown that plaintiff was a resident of the State of Kentucky. The report of said commissioner as to plaintiff's land was that he "was unable to ascertain the amount of damages claimed" by Dennis Mulligan, and that he appraised and assessed his damages at fifty dollars. The record of the board also recites that the amounts due Dennis Mulligan and others as damages have been tendered to them and refused. The court sustained the validity of the proceedings to open the road and found against plaintiff on all the issues and he appealed.

Section 10343, Revised Statutes 1899, under which these proceedings were had, provides that the petition for the proposed road shall give the name of "the owners if known." It has been held in construing a similar statute that the record should show that every essential provision of the statute had been complied with. [Whitely v. Platte Co., 73 Mo. 30.] These proceedings are not in compliance with the statute. The petition should have been given the name of each of the owners of the land sought to be condemned for the road if known, otherwise should have stated that he was un-

known. If the petitioners undertook to state the name of an owner of the land, they should have stated it correctly, otherwise it is no statement of the known name of such owner. It would therefore be the omission of an important provision of the statute. If land be condemned in the name of Jones, whereas Smith is the owner, the latter would be deprived of his land without any compensation whatever, as the damages assessed would be payable to the former. If, however, the owner's name be unknown and the proceedings for condemnation of his land be prosecuted against him as unknown, upon identification as the owner he would be entitled to the damages assessed for the taking. In principle our conclusion is supported in Spurlock v. Dornan, 182 Mo. 242. In that case the proceedings were in the county court for the opening of a public road. Section 9416, Revised Statutes 1899, made it the duty in such cases of the county road commissioner to take the names of all resident owners of land through which the proposed road was to be located and who had not, or would not, give the right of way, and the amount of damages claimed by each one separately, together with the numbers of the land, etc. The county court proceeded upon the theory that the land belonged to Haywood Spurlock and the damages were assessed and paid to him. The land belonged to the wife who brought suit to restrain the opening of the road over her land. The court held that "Unless the commissioner appointed by the county court to take the names of all the resident owners of the land through which the proposed road is to run, and who have not or will not give the right of way, makes a report showing the names of all such persons, and the amount of damages claimed by each, the court has no jurisdiction to proceed to open the road."

Defendants contend that the validity of the proceedings of the township board cannot be attacked in a collateral inquiry and in support of this position cite

the following cases. [Lovitt v. Russell, 138 Mo. 474; Chrisman v. Divinia, 141 Mo. 122; Railroad v. Warden, 73 Mo. App. 117.] These cases refer to collateral attacks upon judgments of courts where it appears that the courts rendering them had jurisdiction. But it is well settled that the jurisdiction of a court over a given subject is always a matter of inquiry. The statute so provides. And such has been the uniform ruling in this State. [Myers v. McRay, 114 Mo. 377; Holt County v. Cannon, 114 Mo. 514; State ex rel. v. Brandhorst, 156 Mo. 457.]

And it has been held that "Where the court had jurisdiction of the parties and the subject-matter, its judgment is not open to collateral attack." And "A judgment cannot be collaterally attacked for want of jurisdiction, by matter *in pais*. Such an attack must be made on the record in the case." [Reed Bros. v. Nicholson, 158 Mo. 624; Covington v. Chamblin, 156 Mo. 574.] These cases apply to courts of record, the recitations of the records of which import absolute verity. They have no application, however, to a proceeding of this kind, a township board not being a body constituting a court. And it is held that for the purpose of ascertaining whether a county court has acted within its jurisdiction in opening a public road, inquiry may be made by matters *in pais* in a collateral attack upon its proceedings. [Spurlock v. Dornan, supra.] Upon principle, the proceedings of a township board would be governed by the same.

Other points are raised by the appeal, but, as the proceedings were totally void, the cause is reversed and remanded. All concur.

## ON MOTION FOR REHEARING.

BROADDUS, P. J.—It is insisted by defendants that the order of the township board opening the road being fair on its face, would be a sufficient defense

against the count for damages for the alleged trespass. It has been decided by our courts that "A ministerial officer is not responsible for executing the mandate of a tribunal having power to issue it; and if the process is fair on its face, that it is not his duty to inquire as to the regularity of the proceedings upon which the writ, order or mandate is based." [Rousey v. Wood, 47 Mo. App. 465; Railroad v. Lowder, 138 Mo. l. c. 538.]

But there is no order of the township board to open the road; at least none is shown by the record. The board did not go so far as to order the road opened; it only went so far as to adopt the report for laying out the road and declared it to be a highway. The defendants were acting on their own volition and not in obedience to an order of the board to open a highway, consequently they do not come within the protection of the rule as stated in the foregoing authorities. Other points raised in the motion we do not recognize as of sufficient importance for special notice. Motion overruled. All concur.