## JEFFERSON S. ELLIS, Appellant, v. THOMAS O. NUCKOLS et al.

Division Two, November 14, 1911.

1. **RETURN: False: Attack in Equity.** The return of the constable, reciting that he served the summons on the defendant, must be accepted as conclusive that the summons was served on the defendant and in the manner and form set forth in the return, in a subsequent suit by injunction by the defendant therein to restrain the levy of an execution issued in pursuance of a judgment rendered by default upon such return and summons, where it is not alleged that the plaintiff in that suit aided or abetted or had any knowledge of said alleged false return.

2. ————: **In Nine Days: Effect Upon Judgment.** A summons served a shorter time before the date of appearance than that fixed by law does not render the service invalid, nor is the judgment rendered in pursuance thereto for that reason void, but only irregular, and cannot be set aside or stayed by a suit in equity to enjoin its execution.

3. ————: **False: Judgment: Insolvent Constable and Invalid Bond: Injunction: Cause of Action.** A petition alleging that suit was brought against plaintiff before a justice of the peace; that summons issued, but was never served upon defendant; that the constable's return recites that it was served upon him less than ten days before the return day; that said return is false and untrue in every part, and that said false recital was carried forward into the judgment, rendered by default; that execution issued upon said judgment more than thirty days after it was rendered, and then for the first time the plaintiff learned that suit had been brought and judgment rendered; that the constable was insolvent, and his bond invalid and forged, and that plaintiff was without remedy except through equity, and that to permit such judgment to stand and execution to be levied would be to deprive plaintiff of his property without due process of law, and praying that the execution and levy be enjoined, there being no allegation that the plaintiff in the suit aided or abetted or had any knowledge of said false return, does not state a cause of action for equitable relief.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett*, Judge.

AFFIRMED.

*R. H. Norton* and *Avery, Young & Woolfolk* for appellant.

(1) While the case at bar is in many respects similar to the case of Smoot v. Judd, 184 Mo. 508, yet the law as laid down by the majority in that case is not applicable to the facts in this. In the Smoot case, everything was regular. That is, the return of the officer showed not only a personal service, but the service itself was in the statutory time for actions of that kind. In the case at bar, not only is it alleged in the petition and shown by the alleged return of the officer serving it, but admitted by the defendant in this case, that the service was not in time. In other words, the statute requires a ten-days' service before trial and before it gave to the justice the authority or jurisdiction to render a judgment by default or to try the case. We take it, then, that the rigor of the doctrine applied and laid down in the Smoot case, though even in that case it seems to be harsh, was permissible only in a case where all of the proceedings were regular and conformed to the requirements of the statute. (2) It is elementary law that a general demurrer, or a motion for judgment, admits every fact properly pleaded. Rogers v. Ins. Co., 186 Mo. 255; State ex rel. v. Shepard, 192 Mo. 497; Kemper v. Berkley, 79 Mo. App. 584.

*W. A. Dudley* and *R. L. Sutton* for respondents.

(1) The constable's return is absolutely conclusive and cannot be impeached collaterally, either at law or in equity. Smoot v. Judd, 184 Mo. 508; Reiger v. Mullins, 210 Mo. 563; Jeffries v. Wright, 51 Mo. 215; Stewart v. Stringer, 41 Mo. 400; Hallowell v. Page, 24 Mo. 590; Delinger v. Higgins, 26 Mo. 180; Martin v. VanDuzen, 37 Mo. 301. And the allegation in the petition contradicting such return is not admitted by the filing of the demurrer. Searcy v.

Clay County, 176 Mo. 512.   (2)   The service of summons within less than ten days before the return day of the writ confers complete jurisdiction of the person of defendant and authorizes the rendition of a judgment which is valid and impregnable against collateral attack.   Leonard v. Sparks, 117 Mo. 103; Crooker Shoe Co. v. Fry, 104 Mo. App. 137; Fry v. Armstrong, 109 Mo. App. 482; Ballinger v. Tarbell, 16 Iowa, 491; Richter v. Thornton, 11 Ohio, 817; Armstrong v. Grant, 7 Kans. 196.   And in such case the return of the officer, being regular on its face, stands upon the same footing of unquestionable verity as in case of full ten days' service.   It is the regularity of the return and not the regularity of the service shown thereby that sustains the verity of the return. Smoot v. Judd, 184 Mo. 518; Jeffries v. Wright, 51 Mo. 219; Delinger v. Higgins, 26 Mo. 183; Hallowell v. Page, 24 Mo. 593; Stewart v. Stronger, 41 Mo. 404.

KENNISH, P. J.—This is a suit instituted in the circuit court of Lincoln county to enjoin a levy upon and sale of plaintiff's property under an execution issued on a judgment rendered by a justice of the peace against the plaintiff, and to have said judgment adjudged null and void.   A general demurrer to the amended petition was sustained by the circuit court. The plaintiff declined to further plead and final judgment was rendered against him, from which judgment he appealed to this court.

The facts alleged in the amended petition were, in substance, as follows:

That on October 24, 1906, Abraham Duff filed a statement before a justice of the peace to recover damages from Jefferson S. Ellis, the plaintiff in this suit, in the sum of one hundred dollars, for alleged false and fraudulent representations made by said Ellis to said Duff in the sale of a horse; that on the

day said statement was filed a summons was issued by the justice of the peace, returnable on November 5, 1906; that the constable made return of said summons, certifying thereon that he served the same in Lincoln county on October 27, 1906, by reading it to the defendant Ellis; that on November 5, 1906, the cause coming on for trial before the justice of the peace, judgment by default was rendered in favor of said Duff and against said Ellis in the sum of one hundred dollars; that on January 22, 1907, execution was issued on the judgment and placed in the hands of the constable, one of the defendants in this suit; that when this action was brought the constable was threatening to levy upon and sell plaintiff's property to satisfy said judgment.

It is further alleged in the petition that in truth and in fact no summons was ever served upon the plaintiff at any time, notifying him of the institution of said suit before the justice of the peace, and that the return of said summons made by the constable was false and untrue in every particular; that the summons so pretended to be served on the plaintiff showed on its face that it was not served ten days before the day said cause was set for trial, as required by law, which fact was well known to said Duff through his attorneys; that plaintiff did not learn that there had been a trial of said suit and that a judgment had been rendered against him until January 28, 1907, when the defendant constable came to plaintiff's home with the execution issued upon said judgment; that plaintiff had a good and meritorious defense to said complaint of Abraham Duff and on a trial of said cause would be able to show that no false representations were made to said Duff in the sale of the horse; that plaintiff had no adequate remedy at law for relief against said threatened seizure and sale of his property; that the damages that would accrue from such seizure and sale of his property were such that

they were not susceptible of computation; that said constable was wholly insolvent and neither at the time of the pretended service of said summons, nor at any other time, had an official bond as constable; that the signatures of two of the sureties on his pretended official bond were obtained by false and fraudulent representations and that those two sureties were wholly insolvent; that the pretended signatures of two other sureties on said pretended bond were forgeries; that said constable would, unless restrained and enjoined from so doing, levy upon and sell plaintiff's property, and that plaintiff would thereby be deprived of his property without due process of law, in violation of both the State and Federal constitutions.

The only question for decision on this appeal is: Do the facts alleged in the petition, which stand admitted by the demurrer, entitle the appellant to the equitable relief of a decree enjoining the enforcement of the judgment complained of and declaring such judgment null and void?

The authorities are not in accord upon the law involved in the decision of this case, but we are of the opinion that the principles of law announced in the cases of Smoot v. Judd, 184 Mo. 508, and Leonard v. Sparks, 117 Mo. 103, together with the subsequent cases of the appellate courts of this State, reaffirming the doctrine of those cases, are determinative of the question presented.

The Smoot case holds, as stated in the second and third syllabi, that:

"Where the sheriff's return recites a personal service of process upon the defendant, which recital is false, the remedy of the unserved defendant against whom judgment by default has been rendered, in the absence of fraud on the part of the plaintiff in the suit, is a suit on the sheriff's bond for damages for the false return, and not by a suit to set aside the sale

and the sheriff's deed conveying the defendant's land made in pursuance of such default judgment. The return of the sheriff showing service of summons on the defendant in the manner prescribed by the statute, although false, is conclusive upon the parties to the suit, and is not subject to attack in the case in which made, either before or after judgment.

"The officer's return of a summons served according to the statute is conclusive upon the parties to the suit, and a judgment by default in pursuance thereof can not be attacked. even in equity, except where the plaintiff in the judgment aided or abetted the false return, and not even then if the property as a result of a sale under such judgment has passed into the hands of innocent purchasers. To permit a judgment to be overthrown by an equity court in such case, would be to impair the force and validity of judgments of courts of law, and to subject titles acquired by judicial sales to the greatest uncertainty."

See also Rieger v. Mullins, 210 Mo. 563; Strobel v. Clark, 128 Mo. App. 48; State ex rel. v. Cowell, 125 Mo. App. 348; Regent Realty Co. v. Armour Packing Co., 112 Mo. App. 271.

It is alleged in the petition that the constable never at any time served any summons or other notice on plaintiff and that the return "on said summons is false and untrue in its every part." It is not alleged that the plaintiff aided or abetted or had any knowledge of the said alleged false return. The return, therefore, under the foregoing authorities, must be accepted as conclusive in this case that the summons was served on the plaintiff and in the manner and form as set forth in the return. This removes from consideration the issue sought to be raised in the petition that plaintiff was not served with summons and that, therefore, the court was without jurisdiction to proceed to judgment in the case.

The statute governing the procedure in justice of the peace courts provides that the summons shall be served on the defendant at least ten days before he is required to appear. [Sec. 7423, R. S. 1909.] It is shown by the constable's return and appears on the face of the judgment assailed, that the summons was served on the plaintiff less than ten days before the return day of the summons. Upon these facts the question is presented as to the effect upon the judgment sought to be vacated and set aside in this action, of a nine days' service of summons upon the defendant against whom such judgment was rendered.

It has been considered settled law in this State since the case of Leonard v. Sparks, 117 Mo. 103, that a summons served a shorter time before the date of appearance than that fixed by law does not render the service invalid. It is but a defect or irregularity, and a judgment upon such service is not for that reason void, but only irregular. [Fry v. Armstrong, 109 Mo. App. 482; Leonard v. Sparks, supra; Railroad v. Warden, 73 Mo. App. 117.]

The fact that a judgment is irregular or erroneous furnishes no ground for equitable relief. In 23 Cyc. at page 1005, the law upon this subject is stated as follows: "Irregularities or errors in the proceedings leading up to a judgment furnish no ground for equitable interference, unless brought about by fraud or collusion, or of such a nature as to deprive the party of all opportunity of making his defense in the action at law." As in Railroad v. Warden, supra, l. c. 122, the court said: "But whether this be classed as a direct or collateral attack, the plaintiff must fail. 'To authorize a court of equity to set aside the judgment of another court, it must appear that there was fraud in *procuring* the judgment; an illegal allowance or error is insufficient.' [Murphy v. DeFrance, 105 Mo. 53, and cases cited at page 64; Davis v. Wade, 58

Mo. App. 641; Wyman v. Hardwicke, 52 Mo. App. 621; 2 Freeman on Judgments (4 Ed.), sec. 497.] There is no pretense of fraud in procuring the judgment sought to be enjoined or set aside by this suit."

It is recognized as general law that a suit in equity will lie to vacate or set aside a judgment obtained by fraud, accident or mistake, and appellant invokes that principle in aid of his case.

Upon a careful examination of the petition and the law applicable to the facts thereof, we have found ourselves unable to bring this case within that doctrine, for the reason that the petition alleges no facts showing or tending to show the existence of either fraud, accident or mistake in the procurement of the judgment.

For the reasons stated the judgment is affirmed. *Ferriss* and *Brown, JJ.*, concur.