————o————

THOMAS CURTIS, Appellant, *vs.* MARY CURTIS, Respondent.

1. *Objection—Grounds of, not specified or mentioned in motion for new trial.—Effect of omission.*—Where the grounds of objection are not specified, and the attention of the court is not called to them, in motion for new trial, they will not be regarded by the Supreme Court.
2. *Practice, civil—Motion pendente lite—Notice of, etc.—*A court may in its discretion, hear a motion for support and maintenance *pendente lite* after a continuance of the cause, and without notice, and on the day of filing the motion.

*Appeal from Scotland Circuit Court.*

*Cramer & Peters,* for Appellant.

*Birch & McKay,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit for divorce instituted in the Circuit Court of Scotland County. At the August term 1872, and on the last day of the term, after the cause had been continued, the

defendant filed her motion for support and maintenance *pen-dente lite*, of herself and two children until the next term of the court. On the same day, the court, against the objections of the plaintiff, heard and granted the motion, and made an allowance in favor of defendant and against the plaintiff for the sum of $80; and plaintiff excepted and filed his motion to set aside the order of allowance, on the ground that it was irregular in this:

1st. "That said judgment was rendered without proper notice to this plaintiff."

2nd. "That said judgment was rendered before the time allowed by the statute for hearing and determining of motions."

This motion was overruled and plaintiff again excepted, and brings this case here by appeal.

It is not pretended that the allowance made by the court in behalf of the wife and her two children, was excessive; and the allowance upon its face appears very reasonable. Such allowances must be governed by the particular circumstances of each case. As the grounds of plaintiff's objections to the hearing of the motion were not specified, and the attention of the court was not called to them in the motion for a new trial, they were properly disregarded. (Saxton vs. Allen, 49 Mo., 417; Margrave vs. Ausmuss, 51 Mo., 561.)

No notice of the filing of the motion by defendant was necessary. Notwithstanding the cause had been continued, yet the parties, so far as concerned the consideration of mere minor and collateral matters, were presumed to be still in court. (Papin vs. Buckingham, 33 Mo., 454.)

As to the ground that defendant's motion was prematurely heard, it is enough to observe, that the statutory provision that "Motions in a cause filed in term shall be filed at least one day before they may be argued or determined," cannot in the very nature of things be of universal application. So many unforeseen contingencies may arise, during the pendency of a cause, which will necessitate the taking up of motions on the day they are filed, that some latitude of discretion in this particular must be conceded to the trial courts; and it is not thought

that the statute designs to furnish in this regard anything more than a general rule which must yield when the necessity of the case is so great as to demand it.

For these reasons, with the concurrence of the other judges the judgment will be affirmed.