ELIZA A. NELSON, Appellant, CHARLES F. BETTS *et al.*, Respondents.

### St. Louis Court of Appeals, March 13, 1888.

1. PRACTICE—RE-OPENING OF CASE.—A motion to re-open a case after it has been submitted, but not decided, is not a motion for a new trial, and is not erroneously sustained on the same day of the filing, when the adverse counsel is present and re-submits the cause on the testimony previously heard.

2. —— PARTIES IN JUDGMENT.—A judgment or decree must make disposition of all the substantial defendants. An omission by the trial court to include some, may be supplied by judgment of the appellate court in accordance with the case made for or against them.

3. INTEREST OR USURY—WHEN RECOVERABLE BACK.—While usury paid on a valid indebtedness cannot be recovered back by the payor, yet if a party pay interest, whether usurious or otherwise, on a debt fraudulently created against him, he may recover back such interest on like grounds with the principal sum.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Reversed, and judgment.*

S. B. GORDON, for the appellant: A new trial cannot be granted except on a motion filed at least one day before it is heard or determined. Rev. Stat., sec. 3558. It should not be granted except for good cause shown. Rev. Stat., sec. 3633. General statements are merely the conclusions of the attorney. The facts must be given so that the court can determine. *Beibinger v. Taylor*, 64 Mo. 66; *Griffin v. Veil*, 56 Mo. 310; *Cowan v. Bercher*, 5 Mo. App. 577; *State to use v. O'Neil*, 4 Mo. App. 223; *State to use v. Claudius*, 3 Mo. App. 561; *Fox v. Young*, 22 Mo. App. 388; Whittlesey's Practice, 416. Knowledge of the fact of fraud, accompanied by ignorance of legal right to relief and consent to the acts

of fraud, do not change the rule. If the ignorance is induced or encouraged by the other party this emphasizes the equity for relief. *Nelson v. Betts*, 21 Mo. App. 219. All parties who are actors in doing the wrong and who enjoy its fruits are liable. After a conspiracy is formed, one who then joins it adopts all its prior acts, and is liable for them. Bigelow on Fraud ( Ed. 1877 ), 364, 367, 378, 379. In fraud, exemplary damages are always in the discretion of the court. They should include plaintiff's expenses in prosecuting the suit. 2 Thompson on Negligence, p. 1264, sec. 53 ; 1 Sutherland on Damages, p. 472, and note 6.

M. KINEALY, JAS. R. KINEALY, and T. D. ROWE, for the respondents : No new trial was granted. The court merely re-opened the case to hear new evidence, after plaintiff had closed. The section of the statute cited by counsel is to prevent surprise or undue advantage. It does not apply to such applications as that under discussion. Whittelsey's Practice, sec. 243, p. 304. The only charge against Robert H. Betts is, that he was the beneficiary in the mortgage. In declaring it satisfied, the court rendered a judgment against R. H. Betts, and rendered the only judgment which, under the pleadings, could have been rendered against him. No law of this state makes a mortgage void because usurious interest is charged. *Dailey v. Singer Co.*, 88 Mo. 301.

ROMBAUER, P. J., delivered the opinion of the court.

On the first appeal taken by plaintiff, we decided that the trial court erred in dismissing her petition on the ground that her cause of action was one at law and not in equity, and remanded the case for further proceedings. 21 Mo. App. 221. The cause was retried by the lower court, the trial resulting in a decree for plaintiff, declaring her mortgage satisfied, and rendering judgment in her favor against Charles F. Betts, one of

the defendants, in the sum of $11.45 and costs, but making no disposition of the defendants, Robert H. Betts and William Brandon.

From this decree the plaintiff appeals, and assigns for error that the court erred in granting to defendants a new trial, in not rendering judgment against all the defendants, and in awarding her wholly inadequate damages.

The substance of plaintiff's complaint and her testimony as to the facts of the case appear in the opinion of this court upon the former appeal, and it is unnecessary to set them out in detail again. Her testimony was the same in substance upon the last trial, the defendants offering some additional testimony. Upon the whole testimony thus adduced, the court made a finding, embodied in the record in a written opinion, that the market value of plaintiff's furniture was what she obtained for it from Brandon; that the testimony failed to show that there was any conspiracy between Brandon and Betts, or that Betts derived any benefit from the sale of the plaintiff's furniture to Brandon, but that the mortgage was fraudulent to the extent of $12.50, and that plaintiff was entitled to recover that amount from the defendant Betts less some slight amount due him for interest.

The additional testimony adduced upon the last trial shows that the plaintiff was a woman of culture and intelligence, and had been engaged for over twenty years in business on her own account, and that she had ample opportunity to dispose of her furniture to other dealers, provided she could realize upon it a higher sum than the amount paid for it by Brandon. Her testimony, moreover, is contradicted in some important particulars, and as the trial court had the advantage which we do not possess of seeing and hearing all the witnesses, we are not justified to disturb the decree on the grounds that the testimony shows the value of plaintiff's furniture to have been greater than the value found by the

court, or that the testimony shows that Brandon and Betts are jointly responsible.

The plaintiff's complaint that the court erred in granting to defendants a new trial is wholly unfounded.

It appears that when the cause was called for trial the defendants and their counsel were absent. The court thereupon heard plaintiff's evidence and took the case as submitted. On the day next succeeding the defendants appeared and moved to set aside the submission and for leave to adduce proof, filing affidavits in support of the motion explaining their absence on the preceding day. The plaintiff by counsel was present in court when the motion was heard. The court asked him whether his witnesses were still in the city, to which inquiry he failed to reply. The court thereupon set aside the submission and proceeded with the trial of the cause in the presence of plaintiff's counsel, who stated he would rest his case on the evidence already adduced.

There was no error in this. Defendant's motion was not a motion for new trial, as such motion presupposed a previous verdict or finding. The statute (sec. 3558), which provides that motions shall be filed at least one day before they may be argued or determined, does not purport to lay down an unyielding rule. *Curtis v. Curtis*, 54 Mo. 352. The plaintiff's counsel was present in court, examined the affidavits, filed objections to their sufficiency, and did not desire additional time to file counter-affidavits. In fact, there is nothing in the record to show that he would have been in any better position to resist the defendants' application at any future time.

The plaintiff's complaint that the decree is not complete in not making disposition of the other defendants is just. A judgment or decree must make disposition of all substantial defendants. *McCord v. McCord*, 77 Mo. 166. If the court found, as it did, that the mortgage was fraudulent to any extent, then, under the testimony, both Charles and Robert H. Betts are answerable for

such fraud, and the plaintiff was entitled to a decree against both. If the court found, as it did, that Brandon was not connected with the conspiracy, it should have rendered judgment in his favor. These considerations call for a modification of the decree in this court.

There is, however, a further consideration which necessitates a reversal. The trial court, as above seen, found that the mortgage was fraudulent to the extent of $12.50. It held that the plaintiff could not recover the usurious interest paid by her voluntarily on the valid debt of twenty-five dollars. This was correct, but could have no application to the interest extorted from her on the fraudulent debt of $12.50. The testimony is uncontradicted that the plaintiff did pay such interest for at least three successive months, which entitles her, even on the theory of the court's finding, to an additional recovery of $3.75.

Judgment reversed, and judgment for plaintiff in this court against defendants, Charles F. and Robert H. Betts, for fifteen and twenty-hundredths dollars, and costs, and judgment in favor of defendant Brandon ; also that the mortgage described in the decree of the trial court be, and is hereby, declared satisfied. Judge Thompson concurs.