ALBERT C. DAVIS, Appellant, v. MONT P. WADE *et al.*, Respondents.

St. Louis Court of Appeals, May 29, 1894; Motion for Rehearing Overruled September 18, 1894.

1. **Judgments:** CANCELLATION BY COURT OF EQUITY. To authorize a court of equity to set aside the judgment of another court, it must appear that there was fraud in the procurance of the judgment; an illegal allowance or error is insufficient.

2. ———: ———. A cause instituted before a justice of the peace was dismissed in the circuit court for failure of the plaintiff to appear. The defendant, who was present, then left the court room. Subsequently, and without notice to the defendant, the circuit court at the instance of the plaintiff set aside the order of dismissal, tried the cause and rendered judgment for costs against the defendant. On the trial of this action, which was a proceeding to enjoin the enforcement of that judgment, the evidence tended to show a liability on the part of the defendant for these costs. *Held*, that no ground for equitable interference was shown.

3. **Injunctions:** FINAL JUDGMENT ON MOTION TO DISMISS. When an injunction is not auxiliary to the cause of action but constitutes the only relief sought, and the right thereto is tried and denied on a motion for the dissolution of a preliminary injunction granted in the cause, final judgment dismissing the plaintiff's bill may at once be entered, there being no occasion for a further hearing on the answer in such case.

4. **Judgment:** COLLATERAL ATTACK. The fact that a motion to set aside a judgment dismissing a cause was heard without notice to the defendant on the day on which it was filed, will not invalidate the judgment in a collateral proceeding.

*Appeal from the Scott Circuit Court.*—HON. H. C. RILEY, Judge.

AFFIRMED.

*Albert C. Davis* for appellant.

(1) The evidence shows that no judgment could have been given against this plaintiff, defendant in the

previous cause, for costs; that defendant had a complete defense to the demand for costs. *Murphy v. Smith*, 86 Mo. 333, 338; *Thompson v. Union Elevator Company*, 77 Mo. 520. (2) The court erred in giving judgment dissolving the temporary injunction and dismissing the petition. The judgment for costs was obtained in violation of the agreement of defendant. *Sanderson v. Voelker*, 51 Mo. App. 328. The judgment was obtained without notice to defendant. The motion to set aside the dismissal and reinstate the cause upon the docket was not filed one day before it was heard and determined. R. S., sec. 2086. (3) The court erred in finally determining the cause upon the motion to dissolve the injunction and refusing to further hear the cause. R. S., sec. 5505; High on Injunctions [Ed. 1874], p. 521, sec. 889; *Ins. Co. v. Bauman*, 14 Mo. 74. (4) The court erred in refusing to allow plaintiff to amend the petition. *Price v. Ins. Co.*, 3 Mo. App. 263-274; *Carr v. Moss*, 87 Mo. 447; R. S., sec. 2098; *Blair v. Railroad*, 89 Mo. 383; *Butcher v. Death*, 15 Mo. 271; *Irwin v. Chiles*, 28 Mo. 576; *McMurry v. Martin*, 26 Mo. 438.

*J. J. Russell* for respondents.

(1) The appellant's petition does not state facts sufficient to constitute a cause of action, as it does not charge that there was any accident, mistake or fraud in obtaining the judgment, that is now sought to be enjoined. High on Injunctions, secs. 97-102; *Stockton v. Ransom*, 60 Mo. 235. Neither was it alleged that defendant Mont Wade was insolvent. *Damschroeder v. Thias*, 51 Mo. 100. Injunctions are not favored as remedies to set aside judgments, and will only be granted where fraud is clearly shown and where no legal remedy exists. High on Injunctions,

secs. 85, 86. (2) The appellant now contends that he should have been permitted to amend his petition after the testimony was all in. This was in the discretion of the court. *Ensworth v. Barton*, 67 Mo. 622. (3) The disposition of the whole case upon the trial of the motion to dissolve was proper, and is the usual practice in this state. *Hammerslough v. Kansas City*, 79 Mo. 87; *Brownlee v. Fenwick*, 103 Mo. 431. While the petition did not charge fraud, the appellant was permitted without objection to offer all of his testimony, upon the motion to dissolve. It was in effect a trial *de novo* upon the merits of the former suit; and the court found the judgment was proper and the injunction was dissolved, and this should be the end of the matter. *Phillips v. Samuels*, 76 Mo. 657.

BOND, J.—Plaintiff asked for an injunction restraining the enforcement of an execution issued upon a judgment rendered in the circuit court of Scott county on the twenty-third of October, 1891, in the case of F. M. Forbes *v.* A. C. Davis, pending in that court upon appeal from a justice.

The causes alleged for injunction are that said judgment was dismissed in said circuit court for failure of the plaintiff therein to prosecute his appeal; that one Stubblefield, who, prior to such dismissal, had represented that he was not an enrolled attorney and had nothing further to do in the matter, procured himself to be enrolled, entered a special appearance for plaintiff in said case, and, without notice to defendant therein, moved said court to set aside its order of dismissal, which was accordingly done; and that thereupon the cause was reinstated upon the docket and without further notice to defendant therein called for trial, whereon judgment was rendered against defendant for costs.

The answer to the foregoing allegations of plaintiff's petition, was a general denial. Defendant also moved to dissolve the preliminary injunction awarded plaintiff.

Upon the hearing of this motion plaintiff testified that he attended the circuit court of Scott county on October 21, 1891, at which time the case against him in said court was set for trial; that, when it was called, it was dismissed for failure of the plaintiff therein to prosecute his suit.

Plaintiff further testifies that on his way from the depot to the court room he met defendant Stubblefield, who had represented the opposite party in the justice's court, and that said Stubblefield told plaintiff that he, Stubblefield, would not have anything further to do with the case, as he was not an enrolled attorney. After the dismissal of said case plaintiff left immediately for his home in St. Louis, and heard nothing further until he was informed by the sheriff of Scott county, defendant Mont Wade, that he held an execution for costs against plaintiff.

The records of the circuit court of Scott county. show that defendant Stubblefield was enrolled as an attorney of that court on October 21, 1891; that upon his motion the judgment of dismissal in said cause was set aside on October 23, 1891, and was thereafter called for trial and judgment rendered against plaintiff for costs.

Plaintiff also testified that he had no notice of this motion, or the subsequent trial; that he had paid to one Nevins $45 in full settlement of the cause of action on which said suit was brought; that said Nevins was the assignee of Forbes, the plaintiff in this suit, and on the payment aforesaid turned over to plaintiff the written assignment made to him, Nevins, by Forbes.

Witness Stubblefield testified that, after his enroll-

ment as attorney and after the dismissal of said cause, he notified the plaintiff that he, Stubblefield, was employed to file a motion therein. Witness Nevins testified that, after said cause was reinstated on the docket of the Scott county circuit court, he was called to testify therein, and, among other things, that he then testified that plaintiff had agreed to pay the costs of that suit. He admitted, however, on his present examination that this statement on his former examination was only his understanding and that plaintiff never told him, witness, that he, plaintiff, would pay said costs.

The trial court sustained the motion to dissolve the injunction herein, and assessed damages at $50, and overruled plaintiff's motion to amend his petition so as to charge that said judgment for costs against him was "obtained by fraud, perjury and deceit practiced upon the court." Thereupon plaintiff's suit was dismissed, from which judgment the present appeal is taken.

Plaintiff's petition on its face disclosed no ground for the relief prayed. Among other things, it wholly omitted to charge fraud in the procurement of the judgment sought to be enjoined. On this point the supreme court has said: "To authorize a court of equity to set aside the judgment of another court, it must appear that there was fraud in procuring the judgment; an illegal allowance or error is insufficient." *Murphy v. DeFrance*, 105 Mo. 64. The only question is, whether or not the trial court abused its discretion in refusing to allow the plaintiff to amend his petition as proposed?

After an examination of the evidence adduced in the motion to dissolve, we can not say that the learned circuit judge committed any error in declining to permit the amendment. The evidence does not show that plaintiff secured from Nevins any release of the liability

for costs, which attached when the justice rendered judgment against plaintiff in the former suit, and which was merely suspended during the appeal from the justice's court. Neither does the evidence show that Nevins undertook to pay such costs, or that the judgment for costs against plaintiff was procured by fraud.

Plaintiff testified that he knew nothing of the intention of Stubblefield to file any motion in the former cause. If an appeal had been taken therein from the judgment rendered at the same term after setting aside the dismissal, there is authority for the position that such judgment would have been reversed. *Marsh v. Morse,* 18 Mo. 477.

It is obvious, however, that such erroneous action of the trial court can not furnish a ground for a collateral attack upon its judgment, as is sought in this case. We do not think, therefore, that the amendment, if allowed, would have been sustained by the evidence adduced.

Appellant assigns for error the dismissal of his petition after judgment on the motion to dissolve and before a final hearing of the cause.

The statute permitting a motion to dissolve after answer and in term, whereon evidence in support of the issues may be introduced, contemplates a trial, *in limine,* of the right to an injunction. R. S. 1889, section 5505. It does not, however, debar the plaintiff from a trial thereafter of the right to other relief. In cases, therefore, where the injunction is merely auxiliary to the cause of action, the right to a subsequent trial of the latter can not be defeated by a hearing on the motion to dissolve.

The case at bar, however, does not belong to that class. Here the injunction is the "life of the bill." No ulterior relief is sought beyond a perpetual stay of enforcement of the judgment against plaintiff. The

reason of the rule according a subsequent trial of the equities, after a dissolution of the injunction on the trial of a motion to that effect, as prescribed by our statute, does not apply. *Brownlee v. Fenwick,* 103 Mo. 431. This whole case was presented on the motion to dissolve, and the judgment of dismissal was put on that ground. It is not open to the present collateral attack.

Nor can plaintiff complain in this proceeding of the hearing of the motion to reinstate said cause on the day of its filing. The statute on this subject is not of universal application. *Curtis v. Curtis,* 54 Mo. 351.

Finding no reversible error in the record, the judgment herein is affirmed. Judge ROMBAUER concurs. Judge BIGGS is absent.

St. Louis Court of Appeals, May 29, 1894; Motion for Rehearing Overruled September 18, 1894.