MAHLER et al. v. ANIMARIUM CO.

UNITED STATES ex rel. ANIMARIUM CO. v. CIRCUIT COURT OF UNITED STATES, SOUTHERN DIST. OF IOWA, et al.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1904.)

Nos. 1,527, 41.

1. DECREE—IMPEACHMENT—DENIAL OF AUTHORITY OF COUNSEL.

Duly authorized counsel instituted a suit for the complainant, during the progress of which an order of severance was made, and leave was given to file a new bill against certain of the defendants, which was done. The cause on such bill proceeded to a decree in complainant's favor, which was reversed on appeal, being conducted throughout by the same counsel. *Held*, that complainant could not challenge the validity of the decree of the appellate court on the ground that the trial court was without power to make the order of severance, and consequently the subsequent proceedings thereunder constituted a new suit, in which the counsel thereafter appearing had no authority to represent it without a new and express employment.

2. SAME—POWER OF COURT TO SET ASIDE.

A decree, although final, remains under the control of the court during the term at which it was rendered; and where the court suspended the entry of a decree which had been previously signed, but not entered on the journal, and proceeded thereafter to reform the pleadings and hear the cause anew, with the acquiescence of the parties, such decree is of no validity, although it was by mistake filed by the clerk.

Appeal from the Circuit Court of the United States for the Southern District of Iowa.

Edward J. Hill, for Animarium Co.

Leslie A. Gilmore, for James H. Mahler and others and respondents.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

HOOK, Circuit Judge. In the first of these causes a motion was presented on behalf of the Animarium Company and certain of its licensees to cancel a decree of this court for want of jurisdiction. The other cause is an application on behalf of the same company for a writ of mandamus commanding the respondents to proceed with the enforcement of what is claimed to be a decree in its favor rendered by the Circuit Court of the United States for the Southern District of Iowa. These matters are the outgrowth of the same litigation, and, as there exists in a large measure a dependence upon the same conditions, they will be considered together.

On September 20, 1899, the Animarium Company filed its bill in the Circuit Court of the United States for the Southern District of Iowa against one G. Walter Filloon, to obtain an injunction restraining

129 F.—57

the infringement of certain letters patent. In January, 1901, James H. Mahler and others, doing business as the Oxygenor Company, were, upon their own application, made parties defendant. The issues were joined, and a large amount of testimony was taken. The cause having been heard, an opinion was filed by the trial judge on June 21, 1900, to the effect that the Animarium Company was entitled to a decree. Animarium Company v. Filloon (C. C.) 102 Fed. 896. A decree, however, was not entered at that time, for the reason that it was agreed that the pleadings should be recast, so that, the complainant having embraced in an amended and substituted bill of complaint the substance of the facts proven by the testimony, the questions involved might be concisely presented by demurrer, and determined by the ruling of the court thereon, and thus the expense of a voluminous record on appeal could be avoided. Counsel for the respective parties appeared on September 8, 1900, and it was then formally ordered that the Animarium Company have leave to file instanter an amended and substituted bill, and that defendants have leave to file a demurrer thereto; and, said pleadings being considered as having been filed, it was further ordered that the demurrer to the amended and substituted bill be overruled. The defendants electing to stand on the demurrer, a decree was rendered in favor of the Animarium Company. This is the decree which that company now seeks to have enforced. The amended and substituted bill not being completed at the time of the hearing, the papers, including the signed decree, were delivered to one of the solicitors for the complainant, with the direction that, when presented to the clerk of the circuit court, they should be filed and entered as of the 8th of September. These pleadings and the decree were not presented to the clerk until September 26, 1900. Two days prior thereto the defendant, Filloon, presented a petition for rehearing, and supported the same with an affidavit stating in substance that he had not been represented at the hearing of September 8th, and that the counsel who there represented the defendants were the counsel of his codefendants, Mahler et al., and had no authority from him. The trial judge at once fixed a date for the hearing of Filloon's petition, and made an order on September 24, 1900, that in the meanwhile the decree should not be entered. When the papers were received by the clerk, on the 26th of September, he filed all of them, including erroneously the draft of the suspended decree. The decree was not entered upon the journals of the court, and it has not been so entered to this day. The petition of Filloon for a rehearing was heard on the 17th of October, 1900, counsel for all of the parties being present; and the court, being impressed with the contention of Filloon that he had not been represented at the prior hearing, and that his rights would be prejudiced by joinder with his codefendants, Mahler et al., made an order of severance, and that the litigation should thereafter proceed as two independent suits in equity; that is to say, that the bill as originally filed, Filloon's answer, and complainant's replication, should stand as the pleadings in one suit, and that the Animarium Company should have leave to file another amended and substituted bill against Mahler et al., and that it should be docketed and proceeded with as a separate and independent suit. No objections appear to have been made at the time to this procedure. The suit against Filloon may be

dismissed from further consideration with the observation that it seems to be still pending, and that its course since the order of severance is marked by an unusual confusion and complexity of pleading. In compliance with the order of severance, the Animarium Company filed its second amended and substituted bill against Mahler et al. on October 31, 1900. The defendants demurred thereto, the demurrer was overruled, the defendants elected to stand upon their demurrer, and on November 13, 1900, a decree was rendered in favor of the Animarium Company: From this decree the defendants appealed to this court. The record filed here contained none of the proceedings prior to the filing of the second amended and substituted bill. The only reference to such proceedings is contained in the recital in the second amended and substituted bill that it was filed pursuant to the order and direction of the court. Upon hearing in this court, the decree below was reversed, and the cause was remanded, with directions to dismiss the bill of complaint. Mahler v. Animarium Company, 111 Fed. 530, 49 C. C. A. 431. The decree in this court was rendered October 21, 1901, and it is the decree which is sought to be canceled because of an alleged want of jurisdiction. On April 14, 1902, the application of the Animarium Company for a writ of certiorari was denied by the Supreme Court. 186 U. S. 481, 22 Sup. Ct. 941, 46 L. Ed. 1266.

Two grounds are relied upon for the cancellation of the decree of this court. They are: (1) That commencing with the filing of the second amended and substituted bill of complaint in the Circuit Court, the same being the first pleading shown in the record on appeal to this court, the suit was prosecuted without the knowledge or authority of the Animarium Company; (2) that it appears upon the face of the bill of complaint filed in the name of the Animarium Company, and shown in said record, that the Circuit Court was without jurisdiction, in that the suit was not instituted in a district in which the defendants were inhabitants, or had committed acts of infringement, and had a regular and established place of business. Of these in their order.

Passing the question which at once suggests itself—whether a solemn decree of a court can be attacked, after the term at which it was rendered, by mere motion, and affidavit that counsel had no authority to represent a party for whom they appeared, or whether the remedy under such circumstances is not by original bill—the first of the enumerated objections is disposed of by the record, and the admission of counsel who now appears for the Animarium Company. It was admitted by counsel that the original bill which was filed on behalf of the Animarium Company in 1899 was filed with its authority; that it was cognizant of all of the proceedings in the cause prior to the order of severance of October 17, 1900; that the counsel who prosecuted the suit and participated in such proceedings, and whose names appear of record, had full authority to do so, down to the date last mentioned. They are the same counsel who continued in charge of the cause against Mahler et al., and of the interests of the Animarium Company in the appeal to this court. But it is argued that the Circuit Court had no power to make the order of severance, and to set aside its previous decree of September 8, 1900, and, being without such power, the counsel who had theretofore appeared were without authority to continue their rep-

resentation of the interests of the Animarium Company, unless that company was advised of the situation, and had expressly empowered them to act in what counsel claims was substantially a new suit. The mere statement of this proposition is sufficient to demonstrate its unsoundness. · Moreover, there appears in the petition for the writ of mandamus an express admission of the Animarium Company that its solicitors endeavored for a long time, and in good faith, to carry out the order of severance of October 17, 1900. The excuse offered is that its acquiescence and compliance was out of deference to the trial judge.

The second ground of the motion is that the amended and substituted bill of complaint is deficient in essential jurisdictional averments. The act of March 3, 1897, c. 395, provides as follows:

"That in suits brought for the infringement of letters patent the Circuit Courts of the United States shall have jurisdiction in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business." 29 Stat. 695, 1 Comp. St. 1901, p. 589.

It is claimed that it appears from the second amended and substituted bill that the defendants Mahler et al. reside in Chicago, Ill., and that it was not sufficiently alleged that they committed acts of infringement and had a regular and established place of business in the Southern District of Iowa. But in that pleading it is expressly alleged that the defendants were infringing upon complainant's rights secured by its letters patent; that it had requested them to cease and desist, but that defendants failed to comply with the request, and were still using the infringing devices, and were threatening to continue the use thereof, and, using the language of the complainant itself—

"That they now have a place of business for the manufacture and sale and disposition of said devices so manufactured and sold by them in the city of Des Moines, Polk county, state of Iowa, and had said place of business at said city of Des Moines aforesaid prior to and at the commencement of this suit, and still have the same, and threaten to continue their said business there, and will continue to do so, as your orator believes, unless restrained by an injunction of this honorable court."

Even were nothing else to be said upon this point, it is manifest that these allegations constitute a compliance with the requirements of the act.

By the petition for the writ of mandamus it is sought to give life and efficacy to the decree of September 8, 1900. It is sufficient to say that this decree was never entered, and that, even if it ever became effective, the order of the Circuit Court of the 24th of September, the order of October 17th, and the course pursued by the court, with the acquiescence of the parties, in severing the two causes and proceeding with them as independent suits, operated to vacate it. A court has full control over its orders and decrees during the term at which they were rendered. Henderson v. Carbondale Co., 140 U. S. 25, 11 Sup. Ct. 691, 35 L. Ed. 332. And this power extends to decrees which are final as well as to those of an interlocutory character. It will be presumed, nothing appearing to the contrary, that the action of the Circuit Court in suspending and then in effect vacating the decree was during the same term

at which the decree was signed. The briefs of counsel contain many suggestions in support of the motion and the petition for the writ of mandamus, but, although they have received due consideration, we have deemed it unnecessary to give more than a general reference to them.

The Animarium Company, through counsel who were employed and fully authorized by it, instituted suit and proceeded with the prosecution thereof. It was wholly successful in the Circuit Court. It endeavored to hold fast to its success on the appeal to this court, and by its application to the Supreme Court for the writ of certiorari, but met with failure. It was finally adjudged that the complainant's devices were devoid of patentable quality. And now, two years after the cause was finally closed, a dragnet is drawn through the proceedings, and the company seeks a review by this court of matters most of which have not even a remote bearing upon the jurisdiction of the court below. Some of its objections are predicated upon its own omissions; others, upon a course of procedure in the Circuit Court in which it fully acquiesced at the time. None of them are substantial.

The motion to cancel the decree of this court will be overruled. The petition for a writ of mandamus will be denied.