STATE OF MISSOURI, to the Use of JOHN LEWIS et al., Appellants, v. T. B. FRALICK et al., Respondents.

Springfield Court of Appeals, April 3, 1911.

1. ACTION ON BOND: Constables: False Return: Sufficiency of Evidence. In an action on a constable's bond for damages for a false return of a summons alleged to have been made by a deputy constable, the evidence is examined and *held* sufficient to entitle plaintiff to go to the jury on the question of whether the deputy had made a false return and the trial court erred in peremptorily instructing the jury to find for defendant.

2. ————: ————: ————: Nominal Damages: Appeal and Error. A judgment was obtained on the false return by a deputy constable of the summons showing proper service on plaintiff, and without plaintiff's knowledge, his property, which he claimed as a homestead, was sold under execution. The plaintiff in an action on the officer's bond was entitled to at least nominal damages which would carry the costs, and it was therefore material and reversible error for the trial court to direct a verdict for defendant.

Appeal from Greene Circuit Court.—*Hon. A. H. Wear,* Special Judge.

REVERSED AND REMANDED.

State to use v. Fralick.

*Hamlin & Seawell* for appellants.

(1) The plaintiffs were entitled to nominal damages as a result from breach of the officer's duty to make a true return to the summons, and a judgment for nominal damages carries cost. Refusal to award nominal damages for breach of an officer's duty is the denial of a substantial right and ground for reversal. State ex rel. v. Dickman, 124 S. W. 29. (2) Lewis could waive his homestead exemptions. Parketon v. Pugsley, 142 Mo. App. 537; Osborne v. Schutt, 67 Mo. 714; Hombs v. Corbin, 20 Mo. App. 497.

*Patterson & Patterson* and *Val Mason* for respondent.

NIXON, P. J.—This was an action for $3000 against the sureties on the bond of T. B. Fralick, a constable, based on an alleged false return by one of his deputies on a summons issued by a justice of the peace directed to John Lewis, one of the appellants. Upon trial, plaintiffs obtained a verdict for $318. This verdict was set aside by the court and a new trial was had before a special judge and a jury. At the conclusion of plaintiffs' evidence, the court gave a peremptory instruction to find for the defendants, whereupon plaintiffs took an involuntary non-suit with leave to move to set it aside. Motion to set aside the judgment of non-suit and for a new trial was duly filed and overruled and plaintiffs have appealed.

The evidence shows that on October 1, 1907, one Hartley sued John Lewis, one of the appellants, upon an account for merchandise in the sum of $53.81 before J. A. Davis, a justice of the peace; that the justice delivered the summons to T. B. Fralick, the constable, said summons being returnable on October 14, 1907; that the summons was returned "served by leaving copy at the usual place of abode of the within named defendant

with a member of his family above the age of fifteen years the 2nd day of October, 1907, in N. Campbell township, Greene county, Mo. (Signed) T. B. Fralick, Constable, Chas. R. Best, D. C." On October 14, 1907, Hartley recovered judgment by default for $53.81. A transcript of the justice's docket entries was filed in the circuit court and execution issued and duly levied on lots numbered 207, 208, 209 and 210, in Prospect Place Addition to the city of Springfield, and the property publicly sold for the sum of $40.

John Lewis testified that he and his wife owned lots numbered 207, 208, 209 and 210, in Prospect Place Addition to the City of Springfield, and a three-room house thereon, each lot being fifty-two feet wide and one hundred seventy-five feet deep, the whole being worth about $900, but encumbered for $265. That this was his home where he had lived for more than four years. That on October 2, 1907, when according to the return, the summons was served, he was working on a street car line in Joplin, Mo., but was there only about three weeks, his wife and boy being there with him for about two weeks; that they returned to Springfield and remained until September, 1908, at which time he went to Kansas City to work, leaving his wife for a time at the home place. That Chas. R. Best did not serve a summons on him on October 2, 1907, in the case of Hartley against himself, and that he did not know that Hartley had sued him until September, 1908; that his wife came to Kansas City about a month later, bringing the household goods, and they lived there about a year; that he then heard that his property had been sold; that he did not know that a judgment had been rendered against him until he heard of the sale of his property; that this was their homestead, and that when they went to Joplin and Kansas City, it was with the intention of returning and making it their home; that he was the head of a family.

Another witness for plaintiffs, a grocer of Joplin, showed by his books that he sold John Lewis Merchandise on October 1, 1907, and he stated that he met John Lewis on that date in his store.

Amanda Lewis, one of the plaintiffs, testified to substantially the same facts as did her husband, saying that Chas. R. Best did not serve the summons on her on October 2, 1907.

Audry Glover, plaintiffs' married daughter, testified that on October 2, 1907, she lived in Springfield with her husband across the street and about a block from plaintiffs' home place; that Chas. R. Best did not leave the summons with her on October 2, 1907.

At this stage of the case, as we have stated, the defendants requested and the court gave a peremptory instruction that under the law and the evidence the plaintiffs could not recover, and plaintiffs were forced to a non-suit.

The evidence strongly tended to show that the deputy had made a false return which at least entitled appellants to go to the jury on that question.

Appellants contend that they were entitled to nominal damages for the breach of the officer's duty to make a true return to the summons, and that as a judgment for nominal damages would have carried the costs, this court should reverse the judgment. The case of State ex rel. v. Dickmann, 146 Mo. App. 396, 124 S. W. 29, was where a sheriff, by his deputy, made a false return on which judgment was subsequently given. The court there said: "The law imposes the duty upon the officer to make a true return and where this duty is breached, it presumes damage in every instance. Even though no substantial damages accrued to the plaintiff on account of the defendant's false return, the plaintiff is entitled to a nominal recovery at least on the presumption of damage which the law affixes for a breach of official duty to the end of enjoining an efficient and true service. (Authorities cited) The doctrine obtains

with full force when the cause of action relied upon relates to a false return of mesne process, as will appear by consulting the judgment in State ex rel. Rice v. Harrington, 28 Mo. App. 287. Indeed, in this state nominal damages are allowed against officers for the most barren infraction of legal rights. *As the judgment for nominal damages carries the costs of the litigation with it, the right to have nominal damages is regarded as a substantial right, for the invasion of which a judgment will be reversed even though it appear a substantial recovery may not be allowed.* [State to the Use v. Rayburn, 22 Mo. App. 303; State ex rel. Rice v. Harrington, 28 Mo. App. 287.]"

The further point is made that the property levied upon and sold was the homestead of the appellants and therefore exempt from execution. From the manner in which the case was disposed by the trial court we are precluded at this time from passing on this question.

For the reasons above stated, the judgment will be reversed and the cause remanded. All concur.