ROSE BOEGEMANN, Appellant, v. ROLLA BRACEY.

Division One, July 30, 1926.

**DISMISSAL: Motion to Reinstate at Same Term: Continuing Motion to Next Term.** The circuit court has power to amend, change or set aside its judgments, orders and decrees during the existence of the term at which they were made. Where the court had dismissed the case for the failure of plaintiff to make a deposit for costs, but later during the same term set aside the order and permitted plaintiff to sue as a poor person and to file an amended petition and thereby reinstated the case on the docket, and again during the same term upon motion set aside the order of reinstatement, the effect of the last order was to leave the order of dismissal in full force and effect; and a motion, filed by plaintiff twenty days later and during the same term, to set aside this last order, stating that on said previous date the court had sustained her motion to reinstate said cause and for a hearing and that through a misunderstanding or misinformation from the clerk she had not known that this last order set aside the one reinstating the cause, came too late and only amounted to a suggestion to the court that it should set aside the order of its own motion, and the failure of the court to act upon the suggestion during the term did not operate to keep the order from becoming a finality at the end of the term, but the power of the court to set aside its previous order expired with the term.

---

Corpus Juris-Cyc. References: **Dismissal and Nonsuit,** 18 C. J., Section 125, p. 1198, n. 32; Section 154, p. 1213, n. 33. New. **Judgments,** 34 C. J., Section 436, p. 207, n. 5; Section 437, p. 210, n. 11; p. 212, n. 12.

Appeal from St. Louis County Circuit Court.—*Hon. John W. Mc-Elhinney,* Judge.

Affirmed.

*E. H. Wayman* for appellant.

(1) The trial court erred in sustaining defendant's motion to strike the cause from the docket and in overruling plaintiff's motion to set aside the order striking the cause from the docket. (2) The order of October 7th setting aside the order of September 15, 1919, by which the cause was dismissed for failure to secure costs, had the effect of completely vacating the order of September 15, 1919, and from and after October 7, 1919, the cause proceeded as a pending cause the same as though no order of dismissal had ever been entered. (3) The prayer of defendant's motion filed December 15, 1919, did not ask for a reinstatement of the order of September 15, 1919, and the order entered on that motion on December 20, 1919, very properly did not go beyond the relief prayed for in the defendant's motion. (4) The dismissal of a pending cause can only be accomplished by the entry of an order by the court dismissing the same. State ex rel. v. Hines, 148 Mo. App. 298.

*Claud D. Hall* for respondent.

(1) The order of December 20, 1919, setting aside (a) the order setting aside the dismissal; (b) setting aside the order permitting plaintiff to sue as a poor person, and (c) setting aside the order permitting plaintiff to file a third amended petition, was proper. (a) Because all of these proceedings by plaintiff were *ex parte* and without notice to defendant. (b) Because plaintiff did not except to the said ruling of December 20, 1919. Holliday v. Klotz Land & Lumber Co., 96 Mo. App. 57; Clelland v. Clelland, 291 Mo. 312. (2) Plaintiff's motion of January 9, 1920, at the September term, 1919, to set aside the order alleged to have been entered on December 21, 1919, should have been acted on at that term, and did not carry the case over to the succeeding term. Marsala v. Marsala, 288 Mo. 501; Scott v. Smith, 133 Mo. 618, 622; Harkness v. James, 182 Mo. 231.

OTTO, J.—This is an appeal from an order of the Circuit Court of St. Louis County sustaining defendant's motion to strike this cause from the docket of that court.

The suit which gives rise to the present controversy is one for damages for assault and rape. The original petition was filed July 18, 1917. On July 14, 1919, a motion filed November 17, 1917, by plaintiff to sue as a poor person was overruled. On the first day

of the September term, the court of its own motion dismissed the cause for failure of plaintiff to comply with a rule to give security for costs. At the same term, on October 7, 1919, an order was entered "on motion" setting aside the order of dismissal made on September 15, 1919, and reinstating the cause. At the same time a motion to set aside the order overruling the motion to sue as a poor person was filed. On October 18th, during the September term, 1919, the motion to sue as a poor person was (as the record recites) "refiled by consent of the parties hereto," was considered and sustained, and on December 6th, during the September term, a third amended petition was filed by leave. The several motions of plaintiff and orders procured by her on October 7th, October 18th and December 6th of the September term, 1919, of the court, were without notice as required by law or the rules of the court and there was no consent or appearance of the defendant to any of the same. On December 15, 1919, being still one of the days' of the September term, 1919, of said court, defendant filed a motion, with proof of service of a copy on plaintiff's attorney, said motion being a motion to set aside the orders of October 7th and 18th and December 6, 1919, on the grounds of want of notice, want of consent, conflict with the rules of court as to notice, and want of due process of law. This motion was heard on December 20, 1919, during the September term, 1919, and said motion was by the court sustained and said orders were set aside. At the same September term and on January 9, 1920, being twenty days after the entry of the order it sought to set aside, plaintiff filed a motion moving the court "to set aside its order heretofore entered in the above-entitled cause *on the 21st day of December, 1919, sustaining plaintiff's motion for a hearing* and setting aside its several orders of court theretofore entered in said cause, to-wit: The order of court dated October 7, setting aside the testimonies of said cause and reinstating same upon the docket; also setting aside its order of October 18, 1919, permitting plaintiff to sue as a poor person; also setting aside its order granting plaintiff leave to file her third amended petition entered December 6, 1919, and to reinstate said last-mentioned orders of court and to grant the plaintiff a hearing on the defendant's motion to set aside orders of court heretofore sustained and which was by defendant filed in this court on the 15th day of December, 1919," setting up as grounds therefor that through some misunderstanding or misinformation plaintiff had had no hearing and that plaintiff had a meritorious cause of action.

The record following the filing of this motion recites:

"Thereafter, on May 1, 1920, said cause was by the court continued to the May term, 1920, of said court.

"Thereafter, on September 18, 1920, said cause was by the court continued to the September term, 1920, of said court.

"Thereafter, on January 8, 1921, said cause was by the court continued to the January term, 1921, of said court."

At the May term, 1921, and on May 28th, the court made the following order:

"Ordered by the court, on motion of plaintiff's attorney, that said plaintiff be and hereby is granted leave to sue as a poor person, in accordance with application heretofore filed herein, and that all orders heretofore entered overruling the same be and hereby are set aside."

Following this order, and on April 10th, during the January term, 1922, defendant filed a motion to strike said cause from the docket, and on December 17, 1923, the court sustained said motion and ordered the cause stricken from the docket. Thereafter, and within four days after the entry of the foregoing order, plaintiff filed a motion seeking to set aside the order of court sustaining defendant's motion to strike the cause from the docket, and, being overruled, an appeal was duly perfected to this court.

The question now presented for determination is: Was the order of the court proper in sustaining defendant's motion to strike on December 17, 1923?

It was one of the earliest doctrines of the common law that the judgment of a court might be amended, changed or set aside at any time during the same term of court in which a judgment was rendered, and now, as then, the general power of a court of record over its own judgments, orders and decrees during the existence of the term during which they are first made is undeniable. [Marsala v. Marsala, 288 Mo. 501, l. c. 504; Bank v. Porter, 148 Mo. 176; State ex rel. Conant v. Trimble, 277 S. W. 916.]

By the order of September 15, 1919, the cause was dismissed "for failure of plaintiff to make a deposit for costs, in accordance with the order of court." But in the exercise of the inherent power of the court over its orders during the term, the court, by its orders of October 7th, October 18th and December 6th set aside the order of dismissal and permitted the plaintiff to sue as a poor person and file a third amended petition and thereby the cause was reinstated upon the docket.

The court had the same inherent power over its orders of October 7th, October 18th and December 6th during the same term, upon the suggestion or motion of the defendant, to set aside said orders. This it did by its order of December 20th in sustaining defendant's motion therefor on the grounds therein set out. The effect of thus sustaining defendant's motion was to leave the order of dismissal of September 15th in full force and effect.

The only other question presented is as to the effect of the filing of plaintiff's motion on January 9, 1920, at the same term as the

order of December 20, 1919. We set out plaintiff's motion filed on January 9, 1920, which motion, omitting caption, is as follows:

"Comes now the plaintiff and moves the court to set aside its order heretofore entered in the above-entitled cause on the 21st day of December, 1919, sustaining plaintiff's motion for a hearing and setting aside its several orders of court theretofore entered in said cause, to-wit:

"The order of court, dated October 7, 1919, setting aside the testimonies of said cause and reinstating same upon the docket; also setting aside its order of October 18, 1919, permitting plaintiff to sue as a poor person; also setting aside its order granting plaintiff herein leave to file her third amended petition entered December 6, 1919, and to reinstate said last-mentioned orders of court and to grant this plaintiff a hearing on the defendant's motion to set aside orders of court heretofore sustained, and which was by defendant filed in this court on the 15th day of December, 1919, and for grounds of said ruling this plaintiff states that the matters appearing in the St. Louis Daily Record on December 22, 1919, showed that the court had sustained plaintiff's motion for a hearing and not that the court had set aside its three orders heretofore first mentioned; that thereafter plaintiff wrote the Honorable A. D. Willicken, clerk of this court, requesting information as to when said hearing would be had, and on December 27, 1919, received the following reply from said clerk, to-wit: 'Dear Sir: In re Rose Boegeman v. Rolla Bracy. In reply to yours of the 26th inst., in above cause, will state that the hearing on the notice will be heard next Saturday, January 3, 1920.'

"And this plaintiff states that she has a meritorious cause of action and that the defendant is guilty of the act charged in the petition and is endeavoring to avoid the issue before a jury by every technical means, when he should do everything in his power to force a trial in this case; that the plaintiff is a poor person within the meaning of the statute, and that question is one resting within the sound discretion of the court, and in no manner, shape or form deprives the defendant of any right to property as claimed by him in said motion so filed by him, as aforesaid, on December 15, 1919."

The foregoing motion was filed twenty days after the date of the order it sought to set aside, without notice to the opposite party, but within the same term. The purpose of the motion is not clear. It purports to move to set aside an order of December 21st on which day no order was entered by the court. It undoubtedly refers to the order of court made on December 20th setting aside the previous orders made by the court upon the motion of the defendant to set aside its orders reinstating the cause on the docket, permitting plaintiff to sue as a poor person and granting leave to file a third amended petition.

The purpose and effect of the motion appear to be to grant plaintiff a rehearing upon these matters, on the ground that plaintiff through some misunderstanding or misinformation from the clerk after December 20th had had no hearing and that the plaintiff had a meritorious cause of action. Construing this motion most favorably to the plaintiff, it is a motion to set aside the order of December 20th setting aside the previous orders of October 7th and 18th and December 6th and granting a rehearing on the motion to set aside said former orders. Such motion being filed twenty days after the date of the order it sought to set aside, it amounted to no more than a suggestion to the court that it should set aside its order of its own motion during the same term or judgment term and does not carry the case over to the next term or succeeding terms, and a failure of the court to act upon such suggestion at the term time does not keep the order or judgment from becoming a finality at the end of the term and it continues to be such for all time. We hold that the rights of the court of its own motion or upon the mere suggestion of a party to set aside a judgment or order expire with the close of the judgment term unless a timely motion be filed. The motion filed was not a timely motion. [State ex rel. Conant v. Trimble, 277 S. W. 916.]

From what has been said it follows that the judgment of the circuit court is affirmed. It is so ordered. All concur, except *Graves, J.,* absent.