### GENTRY, Sheriff, et al., v. STATE OF MISSOURI, ex rel. and to Use of BUTLER. *

Circuit Court of Appeals, Eighth Circuit.
March 29, 1929.

No. 8174.

Frank M. Lowe and Henry L. Jost, both of Kansas City, Mo., for plaintiffs in error.

Charles E. Whittaker, of Kansas City, Mo. (I. N. Watson and G. C. Weatherby, both of Kansas City, Mo., on the brief), for defendant in error.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

BOOTH, Circuit Judge. This is a writ of error to a judgment rendered in an action against a sheriff on his official bond. The facts leading up to the judgment are substantially as follows: In September, 1910, Jennie M. Butler commenced an action against H. H. Temple in the state circuit court of Jackson county, Mo. The action remained pending until December 3, 1915, when it was dismissed for want of prosecution. During the same term, on December 7, 1915, a motion was filed to reinstate the case. The motion was granted on the same day, and an order entered reinstating the case. On October 6, 1916, the attorneys for defendant Temple formally withdrew of record from the case as such attorneys. On

*Rehearing denied June 29, 1929.

November 12, 1917, an application was filed by plaintiff for the issuance of a commission to take depositions in California on behalf of plaintiff. The commission issued. On February 14, 1918, a notice was posted in the office of the clerk of the circuit court of Jackson county, Mo., that the case would be listed for assignment and for trial on February 25, 1918, and that the court would be asked to set the case for trial at the earliest convenience of the court. On February 25, 1918, an affidavit was sworn to by the attorney for Mrs. Butler, stating that the one-time attorneys for defendant had withdrawn from the case; that the records of the court did not show that any other attorney had been selected; that the affiant had made diligent search to find defendant Temple, but had been unable to find him; that affiant from information believed Temple had not been a resident of the state for several years; that affiant, being unable to serve upon Temple a copy of the notice of request to have the case set for trial, had posted the same in the office of the clerk on February 14, 1918. The notice and the affidavit were filed in the clerk's office March 4, 1918, and on that date the case came on for trial. The defendant made no appearance. Plaintiff waived a jury. The court heard the evidence and found the issues in favor of the plaintiff and against the defendant. Judgment was accordingly entered for the plaintiff in the sum of $12,780.

February 7, 1920, an action was commenced by Mrs. Butler against Mr. Temple in the state district court of Wichita county, Tex., upon the judgment which had been obtained in Missouri. Personal service was made upon Mr. Temple February 8, 1920. The complaint in said action set out the judgment obtained in Missouri, and also alleged certain facts by virtue of which plaintiff claimed an equitable lien upon certain described lands in Texas alleged to be owned by Mr. Temple. The complaint prayed for judgment against Temple and for the foreclosure of the lien. Notice of the pendency of the action and of the claim of lien was recorded in the office of the clerk of the county court. Defendant Temple filed answer to the complaint March 2, 1920.

Meanwhile, on February 21, 1920, Mr. Temple commenced an action against Mrs. Butler in the circuit court of Jackson county, Mo., the purpose of which was to set aside the judgment obtained by Mrs. Butler against him on March 4, 1918. The grounds alleged were that the motion for reinstatement of the case of Butler against Temple in December, 1915, was filed and heard without any notice

to defendant Temple; that he was not within the jurisdiction, nor had he been served with process at the time the judgment was entered against him, March 4, 1918. The summons in this action of Temple against Butler was given to the sheriff, Overton H. Gentry, Jr., for service. He made return thereon as follows:

"Executed this writ in Jackson County, Missouri, on the 21 day of February 1920 by delivering a copy of this writ together with a copy of the petition hereunto attached to the within named defendant, Jennie M. Butler.

"[Signed]    Overton H. Gentry, Jr., Sheriff,
                          "By George Colvin, Deputy."

In fact, no service was made on the defendant named, Jennie M. Butler, but on an entirely different person. However, the case was brought on for trial, and on March 30, 1920, no appearance being made by Mrs. Butler, judgment was entered canceling and setting aside the judgment of March 4, 1918.

Thereafter, this cancellation judgment was set up by Temple by plea in abatement in the action brought by Mrs. Butler against him in Texas. The record does not show in what way this plea in abatement was met by Mrs. Butler in the suit in the Texas court. The record does show, however, that there was a hearing before the Texas court on January 31, 1921, on the plea in abatement; and that a judgment was entered on that day containing the following:

" * * * and the court proceeded to hear said motion, by agreement, without the intervention of a jury, and after hearing the defendant's motion, and the plaintiff's pleading, and the proof thereon the court finds as follows:

"That the Circuit Court of Jackson County, Missouri, in which a judgment was once rendered against H. H. Temple in cause No. 139868, on the 4th day of March, A. D. 1918, in favor of Mrs. Jennie M. Butler, thereafter on the 30th day of March, A. D. 1920, duly and legally set aside and cancelled the previous judgment rendered in said cause and that since said time no judgment has been rendered in said Circuit Court of Jackson County, Missouri, against said H. H. Temple, and therefore this suit, filed in this court against said H. H. Temple, upon the judgment rendered in said cause in the Circuit Court of Jackson County, Missouri, falls with said judgment, and there is not now any basis for this suit, and that same should be abated and dismissed at plaintiff's costs.

"It is therefore ordered, adjudged and de-

creed by the court that this cause be and the same is hereby abated and dismissed, and that the defendant H. H. Temple go hence without day and recover of and from the plaintiff, all costs in this behalf incurred."

Thereafter, the present action was commenced by Mrs. Butler against the sheriff on his official bond. The complaint alleged in substance the facts above recited; and further alleged that plaintiff's judgment against Temple was set aside, and her action in Wichita county, Tex., was abated and dismissed, and the lands of Temple released—all as a direct result of the false return of service by defendant sheriff in the suit brought by Temple against her in the circuit court of Jackson county, Mo.

The defendants answered, and on the issues joined the case was tried to the court and a jury, resulting in a verdict for plaintiff.

The first main point relied upon by plaintiffs in error is that the false return of the sheriff did not and could not cause any damage to Mrs. Butler, for the reason that she had no valid judgment against Temple. The question is thus raised, Was the judgment entered March 4, 1918, in the suit by Mrs. Butler against Temple valid?

The suit was commenced in September, 1910. It was dismissed for want of prosecution December 3, 1915. The order and judgment of dismissal was set aside and the case reinstated during the same term, December 7, 1915, on motion filed that same day.

There is a statute in Missouri providing as follows: "Motions, when filed and heard. —Motions in a cause filed in term shall be filed at least one day before they may be argued or determined." Section 1268, Rev. Stat. of Mo. 1919.

There is also a rule of court (rule 29) of the circuit court of Jackson county, providing that motions shall not be called for hearing on a day more than 10 or less than 3 days after the filing of such motion.

The contention of plaintiffs in error is that in the reinstatement of the case neither of the provisions above quoted was observed, and that consequently the case was never in fact reinstated; and the case never having been reinstated, the judgment of March 4, 1918, was a nullity.

We think the contention cannot be sustained. It is a general rule that orders and judgments made by a court may during the same term be modified or set aside in the court's discretion. 34 C. J. 207, § 436; 17 Am. & Eng. Encyc. of Law, 813; 1 Freeman on Judgments (5th Ed.) 375 et seq., §

194 et seq.; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Basset v. United States, 9 Wall. 38, 19 L. Ed. 548; Ætna Life Ins. Co. v. Board of County Commrs., 79 F. 575 (C. C. A. 8); Mahler v. Animarium Co., 129 F. 897, 900 (C. C. A. 8); Pennsylvania R. R. v. Montgomery (C. C. A.) 6 F.(2d) 386.

This rule is recognized in the state courts of Missouri. Rottmann v. Schmucker, 94 Mo. 139, 7 S. W. 117; Scott v. Smith, 133 Mo. 618, 34 S. W. 864; Reid v. Moulton (Mo. Sup.) 210 S. W. 34; Boegemann v. Bracey, 315 Mo. 437, 285 S. W. 992.

There is no proof in the record that Mr. Temple and his attorneys did not have notice of the motion to reinstate. There is no proof in the record that Mr. Temple or his attorneys were not present in the court at the time the motion to reinstate was heard, and consented to the hearing.

The Missouri courts hold that mere silence on the part of the record as to the existence of a fact even necessary to the jurisdiction of the court is not to be taken as proof that the fact did not exist. Huxley v. Harrold, 62 Mo. 516, 523; Smoot v. Judd, 184 Mo. 508, 538, 83 S. W. 481; State v. Fulton, 152 Mo. App. 345, 349, 133 S. W. 95; Gill v. W. O. W., 209 Mo. App. 63, 71, 236 S. W. 1073. This is in accord with the general rule. 34 C. J. § 841, p. 537 et seq.; Applegate v. Lexington, 117 U. S. 255, 269, 6 S. Ct. 742, 29 L. Ed. 892.

If the order of reinstatement was made with counsel present in court and not objecting to the hearing at that time, the provisions of the statute and of the rule of court could have been waived. Cashman v. Anderson, 26 Mo. 67; State v. Underwood, 76 Mo. 630, 632.

Furthermore, the statute (relative to hearing motions on day of filing) is not of universal application. Curtis v. Curtis, 54 Mo. 351; Corpenny v. City of Sedalia, 57 Mo. 88; Nelson v. Betts, 30 Mo. App. 10; Davis v. Wade, 58 Mo. App. 641.

Finally, the circuit court of Jackson county, Mo., being a court of general jurisdiction, the presumption of regularity is attached to its proceedings.

We are of opinion, therefore, that the record before us fails to establish any irregularity in the reinstatement of the case on December 7, 1915.

But even conceding that the absence of a recital in the order of December 7, 1915, that counsel for Mr. Temple were present and waived the provisions of the statute and of the rule, rendered the order irregular on

its face, yet it was not void, and the proper method of taking advantage of the irregularity was by a direct and timely proceeding. Reid v. Moulton (Mo. Sup.) 210 S. W. 34, 36; Boegemann v. Bracey, 315 Mo. 437, 442, 285 S. W. 992.

No such timely action was taken by Mr. Temple. On October 6, 1916, nearly a year after the case had been reinstated, his attorneys formally withdrew from the case, thereby recognizing that it had been reinstated and was still pending in court. On March 4, 1918, judgment was entered for Mrs. Butler in the suit after the taking of evidence in her behalf, Mr. Temple not appearing, though notice of the trial was given as hereinbefore set out. It was not until February 21, 1920, that Mr. Temple made attack upon the irregularity, if any existed, in the order of December 7, 1915.

In view of the facts that the circuit court of Jackson county, Mo., had undoubted jurisdiction of the parties and of the subject-matter in the action commenced therein in 1910 and pending in 1915; that no timely objection was ever taken to the irregularity, if any, which accompanied the reinstatement of the case in December, 1915, although the attorneys for Mr. Temple apparently knew of the reinstatement; that the judgment of March 4, 1918, was a judgment of a court of general jurisdiction and therefore was entitled to every presumption in favor of its validity; that there is no showing of any irregularity appearing upon the face of this judgment—we reach the conclusion that the judgment entered on March 4, 1918, in favor of Mrs. Butler, was a valid judgment. This judgment was a subsisting one at the time Mrs. Butler commenced suit thereon against Temple in Texas, February 7, 1920.

But even if the judgment of March 4, 1918, was voidable because of the alleged irregularity in the reinstatement of the case in December, 1915, yet said judgment is not subject to collateral attack in the present suit.

In Howey v. Howey (Mo. Sup.) 240 S. W. 450, 456, the court said: "Our rule is that if the judgment roll shows a judgment on a subject-matter within the jurisdiction of the court, and shows service upon the defendant, then it is good as against a collateral attack. In other words, if the judgment is to be attacked for infirmities not apparent upon the face of the record, then it must be reached by some direct action."

In Leahy v. Mercantile Tr. Co., 296 Mo. 561, 595, 247 S. W. 396, 404, the court said: "Absent jurisdiction of parties to an action, and absent jurisdiction of the subject-matter,

apparent upon the face of the record, a judgment may be attacked collaterally but not otherwise. * * * There is a difference between mere error in the course of a case and the absence of jurisdiction which allows a collateral attack upon a judgment." See, also, Davis v. Wade, supra.

The second point relied upon by plaintiffs in error is that the damages, if any, suffered by Mrs. Butler were not caused by the false return of the sheriff, but by her own failure to prove in the Texas suit that the judgment of March 30, 1920, which was offered by Temple in abatement of the Texas suit, was a nullity because entered without service of process upon her.

It is doubtless true that, when a judgment of one state is sued upon in a sister state, or is interposed as a defense, or is offered in evidence, the validity of such judgment may be attacked for want of jurisdiction in the court rendering it. 3 Freeman on Judgments (5th Ed.) 2812 et seq., §§ 1365, 1366; 34 C. J. 1113, 1142, §§ 1581, 1616; Cooley's Const. Limitations (8th Ed.) p. 57, note; Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897. This rule is recognized by the courts of the state of Texas. Norwood v. Cobb, 24 Tex. 551; Jones v. Bartlett (Tex. Civ. App.) 189 S. W. 1107; Mendlovitz v. Samuels Shoe Co. (Tex. Civ. App.) 5 S.W. (2d) 559.

But the difficulty with this defense of plaintiffs in error is that there is no proof in the record that Mrs. Butler was negligent in not proving in the Texas suit that Temple's judgment against her was a nullity. The burden was upon plaintiffs in error to prove this affirmative defense of negligence. They did not sustain the burden. It is true that the record does show that the Texas court considered the judgment of Temple against Mrs. Butler, held it valid, and abated the suit of Mrs. Butler accordingly. But this is far from being proof that Mrs. Butler was negligent in not trying to prove the Temple judgment a nullity. The Texas judgment recites that some evidence was offered on behalf of Mrs. Butler. What it was the record does not disclose. The testimony of Mrs. Butler shows that her deposition had been taken in California for use in the Texas suit. What was contained in the deposition is not shown. The evidence thus given may have been to the effect that Mrs. Butler was not served with process in the suit by Temple against her in Missouri; yet the evidence so given may not have been of sufficient weight in the mind of the Texas court to overcome the return of the sheriff. Mrs. Butler was

not present in Texas at the time her suit there was dismissed. It thus appears that the evidence in the present suit totally fails to sustain the defense of plaintiffs in error that Mrs. Butler was negligent in not offering proof in the Texas suit that she was not served with process in the suit brought by Temple against her in Missouri.

Furthermore, we think it does not lie in the mouth of plaintiffs in error to insist upon super-diligence on the part of Mrs. Butler in efforts to relieve the sheriff from the consequences of his own negligence. Even if there had been no suit brought in Texas, Mrs. Butler could maintain an action against the sheriff on his official bond without first taking any direct action to set aside the judgment obtained by Temple apparently against her in March, 1920, based upon the false return of the sheriff. State ex rel. v. Dickmann, 146 Mo. App. 396, 124 S. W. 29; State to use of v. Fralick, 154 Mo. App. 690, 136 S. W. 11. See also Hallowell v. Page, 24 Mo. 590, 593; Smoot v. Judd, 184 Mo. 508, 83 S. W. 481; Newcomb v. Railroad, 182 Mo. 687, 704, 81 S. W. 1069; Ellis v. Nuckols, 237 Mo. 290, 140 S. W. 867; Barnett v. Barnett, 207 Mo. App. 683, 686, 230 S. W. 337.

Plaintiffs in error challenge the admission of certain evidence, and also the charge of the court to the jury on certain questions. The assignments of error purporting to cover these matters do not meet the requirements of rules 11 and 24 of this court; and we pretermit discussion of the alleged errors as they are not of such importance as to impel us to consider them, despite the nonobservance of the rules.

Judgment affirmed.